Carroll v. Johnson.

## CARROLL V. JOHNSON.

TAX SALE: *Of infant's land: When he may redeem.*
   A minor can redeem his land from tax sale at any time during his minority and for two years afterwards, whether the purchase be by the state or an individual; and alienation by the purchaser cannot defeat the right.

APPEAL from *Benton* Circuit Court in Chancery.
Hon. J. H. BERRY, Circuit Judge.

*E. P. Watson,* for appellant.
Under the revenue law, in Gould's Digest, minors could not redeem land sold for taxes, either to individuals or the State. *Smith v. Macon, 20 Ark., 17.*

The first favor of this kind shown to minors was in 1868, when one year was given to minors to redeem from *individual* purchasers, which privilege continued one year after disability was removed. The same law gave them one year from the date of sale in which to redeem from the State, if purchased by the State, *but did not grant this privilege until one year after disability removed.* This privilege was taken away from minors by act of April 8th, 1869, sec. 129 ; but was again given in 1871 and 1873, when two years was the limitation in which to redeem from individuals or from the state before *deed made* to the state ; but this privilege did

not extend two years after disability removed, as to lands deeded to the state.

There was no statute authorizing minors or *feme coverts* to redeem from the State, land sold for taxes, after deed made, until the statute of March 6th, 1877 ; and by the terms of that statute, sec. 6, the right to redeem lands that had before that date been sold was taken away or denied.   The legislature of 1879, by act approved March 14th, p.   72, sec. 10, so amended the act of 1877 and sec. 6 of said act as to read, "that the provisions of the act of 1877 should not apply to lands the state had disposed of prior to the offering to redeem."   It will be seen by the acts of 1877 and 1879 that the right of minors to redeem land sold to the State did not give them the right to follow the land into the possession of persons who in good faith bought from the State.

To give this right would virtually keep the State out of her revenues from selling delinquent lands for taxes.   She could never find a purchaser.

By act of the legislature of 1874–5, approved March 5th, 1875, p. 227, secs. 18 and 19, it will be seen that two years were given to all parties to redeem from the State land sold for taxes.   If not redeemed, the clerk should deed the same to the State ; and thereupon the *title* to all lands embraced in such certificate shall *vest* in the *State*.

By reference to *sec. 5208 of Gantt's Digest*, it will be seen that deeds made to the State for land sold for taxes only gave the State the same rights and privileges as individual purchasers obtained at tax sales.

But this section was expressly repealed, by act of March 5th, 1875, p. 227, sec. 25 of said act, and sec. 19, of said act is substituted by implication for it, which vests the title of the former owner in the State without any restrictions or reservations.   It is a well settled principle that a general statute declaring or affecting rights and interest does not

include the State unless expressly or by necessary impli-cation. *Cole v. White Co.*, *32 Ark.*, *45*. *United States v. Hoar*, *2 Mason*, *Circuit Court Rep.*, *315*, *Sedgwick 337*. *McKeenan v. Com.*, *3 Burr (Penn.)*, *151*. Nor is a State bound by a statute by which any of its prerogatives or rights would be curtailed or taken away unless the language is express. *State v. Kinne*, *41 N. H.*, *238*. *Martin v. State*, *24 Texas*, *61*. *Green v. U. S.*, *9 Wall*, *655*.

By reference to the deed made to Bates by the State it will be seen that the State conveys all right, title and interest of the former owner as well as of the State.

Upon a review of all these statutes, it will be seen that minors never had a right to redeem land from the State after deed made by the clerk until the act of 1877, gave them the privilege. And by said act that privilege should not extend to land sold by the State before that date. And as amended in 1879, this privilege was denied so far as lands that might thereafter be disposed of.

The court had no jurisdiction. Statutes of redemption must be pursued strictly. *Cooley on taxation*, *364*. *Blackwell on tax titles*, *433*. The statutes of Arkansas provide that redemption shall be made before the Commissioner of State Lands, or before the county clerk. No authority is given to redeem before a court of chancery. Being a statutory privilege, the statute must be pursued. Forfeitures of this kind do not stand upon the same basis or principle as other forfeitures, where equity will interfere and permit redemption.

SMITH, J. The bill in this case alleged that the plaintiff was the owner, by inheritance, of one undivided fifth part of a tract of land in Benton county, which had been forfeited to the State for the non-payment of the taxes for the year 1876; that the same, not having been redeemed, was, in 1879, conveyed to the State by the clerk of that county, and the State, in the same year, sold and conveyed it to one Bates,.

Carroll v. Johnson.

from whom the defendant derived his title. Copies of the title deeds of the plaintiff's father and of the other conveyances referred to in the bill were exhibited.

The plaintiff further alleged that, at the date of said forfeiture, and at the date of filing his bill, he was an infant within the age of twenty-one years ; and that, prior to the commencement of this suit, he had tendered to the defendant the price paid by Bates on his purchase from the State, and all subsequent taxes and the fee paid the Commissioner of the State Lands and the value of all improvements made upon said land since said purchase, together with interest on these several sums at the rate of ten per cent. per annum from the time they had been respectively paid, and the same had been refused. The amount so tendered was brought into court. And the prayer was that the plaintiff might be permitted to redeem his interest in the premises.

TAX SALES When infant owner may redeem.

To this bill a general demurrer was overruled ; and the defendant refusing to answer, the court decreed redemption and the cancellation of the defendant's title to the extent of one fifth part of the land upon payment of the redemption money, the amount of which was ascertained by the decrees. The defendant has appealed. And the contention of his counsel is, that after the State has disposed of forfeited lands the title of the former owner is extinguished, and an infant can not follow his land into the hands of a purchaser. *Sec. 5197 of Gantt's Digest* gives to minors the privilege of redeeming their lands, which have been sold for taxes, at any time within two years after they become of age. And by *sec. 5206* it is provided that, for the purpose of invalidating or defeating a tax title, it may be shown the land was the property of a minor. This right to redeem has been distinctly recognized by the Act of March 6th, 1877, (*Acts of 1877, p. 29,*) and by two acts passed on the fourteenth of March, 1879, (*Acts of 1879, p. 69, secs. 2 and 3; p 72, sec. 10.*)

Carroll v. Johnson.

The statute conferring the right of redemption was in force when Bates acquired his title. Its meaning is not doubtful. The purchaser at a tax sale takes a defeasible title. If the land belonged to a minor it is subject to redemption at any time during his minority and for two years after he attains his majority.

Upon a review of all the legislation upon this subject, we conclude that, so far as the right of redemption is concerned, it makes no difference whether the State, or an individual, becomes the purchaser of lands sold for taxes. Nor can any subsequent alienation of the land by a purchaser defeat the right.

The Act of March 6, 1877, and the amendatory Act of March 14, 1879, above referred to, provide for the manner in which minors and others laboring under disabilities shall redeem their forfeited lands before the State has disposed of the same. It is to be by sworn petition for redemption filed in the office of the Commissioner of State Lands. But the provisions of the acts are expressly restricted to cases in which the State has not already parted with its interest. After a sale and conveyance by the State the Commissioner would have no further power over the land and it would be nugatory to apply to him for any relief.

No statute with which we are acquainted has prescribed the mode by which redemption is to be effected after a deed has been made to an individual, either upon purchase at the original tax sale, or upon purchase from the State after the land has come into the office of the Land Commissioner. Under such circumstances it becomes the duty of the courts to mould the remedy so as to give effect to the right. And no better course for the purpose of accomplishing justice to all parties in interest occurs to us than the course which was pursued here. The plaintiff tendered to the present holder of the tax title the amount he considered to be necessary to redeem and followed up its refusal by a bill in

equity, bringing the money into court. Chancery is an appropriate forum for adjusting the conflicting rights and equities of the parties.

Affirmed.