DOUGLASS V. FLYNN.

1.  PRACTICE:  *Jury trial.*

When all the facts of a case are agreed on there is no necessity for a trial by jury.

2.  MOTION FOR NEW TRIAL:  *When necessary.*

Error of law in giving or refusing instructions to a jury, or announced by a judge in trying law and fact which *bears upon the finding of the facts,* is good ground for a motion for new trial; but error of law announced as the basis of a judgment or decree, upon given facts, found or admitted, cannot be remedied by a new trial, but may be directly appealed to the Supreme Court without motion for a new trial, or for re-consideration.

Douglass v. Flynn.

3. TAX SALES: *Donator's claim*: *Act of Jan. 10th, 1857.*

No one claiming as assignee or vendee of a donation claim, on which the donee has made no improvements at the time of his sale, can be sued to be holding under it in-as-much as the statute re-vests the land in the state upon such attempt to sell; and therefore the act of Jan'y 10, 1857, "to quiet land titles," has no application, either as to the tender of txaes, or limitation of the action, expressed in the act.

ADDITIONAL OPINION BY JUSTICE EAKIN.

TAX TITLES: *Act of Jan'y 10, 1857.*

The act of Jan'y 10, 1857, "to quiet land titles," (Secs. 2649—2651 Mansfield's Digest) is penal in its nature and to be strictly construed. It does not prevent persons from asserting their just rights, who were under no obligations to pay the taxes for which the lands were sold, and have committed no default in failing to do so. It has no applicaton where the state has no power in itself, nor its officers by any warrant of law, to collect any taxes on the land, and when the sale was absolutely void on that account, and not for irregularities merely: Nor in any case when the suit is not directly for the recovery of possession of land, nor when the tax title is repelled by defense or cross-claim. And so much of the decision in *Haney v. Cole*, 28 *Ark.*, 299, as holds that the statute gives any holder of a void tax or donation deed a lien, in any case, not only for the taxes discharged and cost (which is right), but also for the highly penal percentage expressed in the act, is erroneou

APPEAL from *Franklin* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

The appellant, *pro se.*

The deed being in proper form is *prima face* evidence of the legality of the sale, 20 *Ark.*, 114, and its recitals sufficient to make it evidence, 12 *Id.*, 882; 21 *Id.*, 582. Burden of proof upon party assailing title. 18 *Id.*, 423; 15 *Id.*, 301; 20 *Id.*, 277, 114; 7 *Id.*, 424.

The statute requires suit to be brought within two years, 30 *Ark.,* 44, and the statute begins to run from time of sale. 22 *Id.,* 178; *Gantt's Dig., Sec.,* 3899, 4117.

No tender of taxes, penalty, &c., and 100 per cent. made, or affidavit filed, as required by law. *Gantt's Dig., Secs.* 2267, 2269, and foot note, 21 *Ark.,* 319.

Tenant cannot dispute landlord's title. 7 *Ark.,* 310; 8 *Id.,* 353; 9 *Id.,* 328; 13 *Id.,* 385; 20 *Id.,* 547; 27 *Id.,* 50; 28 *Id.,* 153; 30 *Id.,* 156; 31 *Id.,* 470.

A court of law could not set aside the deed.

*U. M. & G. B. Rose,* for appellee.

1. No tender or affidavit was necessary. There was no assessment of the land and the sale was a nullity. The donation was a fraud upon the State. No improvements were made, nor were the improvements on the land when donated paid for. The donation was a nullity and no title passed. *Gaither v. Lawson,* 31 *Ark.,* 279, 289. No taxes were due as there was no assessment. The statute was adopted for protection of those who purchased at tax sale in good faith, but whose title was invalid for some irregularity, though the taxes were justly due. 38 *Ark.,* 440.

2. Fraudulent conveyances can be set aside at law as well as in equity. 26 *Ark.,* 41.

3. Appellee not barred by two years adverse possession. Appellant did not hold under the donation deed of his grantor. His grantor sold before making the required improvements, and his title was immediately forfeited. *Gantt's Dig., Sec.* 3896. Appellant had only naked possession, and the limitation was seven years.

The pleading.

EAKIN, J. This is an action in ejectment against Douglas by Flynn, who alleges that he claims title

Douglass v. Flynn.

by virtue of a deed from a former owner, executed on the 2nd of May, 1878, and recorded on the 8th of April, 1879. It is not exhibited, nor made part of the complaint. It is alleged that defendant is wrongfully in possession.

The answer denies the ownership of plaintiff by virtue of the deed of 1878, saying that said deed is void; that the title was then in the State, having been forfeited for the taxes of 1870 and 1871, and standing unredeemed; that Nathan J. Tompkins on the 7th of July, 1879, "donated" the tract " from the State ;" and having filed in the Land Commissioner's office, the proper proof of improvements, received a deed from the Commissioner on the 21st day of August, 1879, and afterwards conveyed the tract to defendant an the 2nd day of January, 1881, since which time he has been in quiet possession. He offers to exhibit said deeds, but neither of them appears in the transcript as actually filed. Defendant further says that the plaintiff failed to file with the clerk of the court an affidavit showing that he had tendered defendant the amount of taxes, costs, penalty and improvements, as required by law. Further, he pleaded the statute of limitations of two years.

Afterwards defendant moved to dismiss the complaint, which motion was overruled.

There was then filed an agreed statement of facts, in substance as follows : That the plaintiff had bought the tract, and was in possession of it at the time of the alleged forfeiture; that in Franklin county, for the year 1870, there was neither an "*assessment of taxes*" on real estate, nor levy by the County Court, nor warrant to the collector, on the tax books, authorizing him to collect; nor was there, on the tax books of 1871, any extension of the taxes for 1870, showing their non-payment for that

*Agreed facts.*

26———43

year; that Tompkins, the State's donee, had made no improvements · on the tract, nor paid the owner the double value of his improvements, nor had he obtained the donation for actual settlement; but that he was a non-resident, taking the land up on speculation ; that defendant had paid the taxes on the tract since the date of the commissioner's deed, after which time the plaintiff had rented the land from defendant and paid the rent, but never paid or offered to pay taxes; that the plaintiff had filed no affidavit as required by law; that the donation deed was regular on its face, and that defendant had been in possession under it since its date in 1881.

The whole matter was submitted to the court, which recited the agreed facts, and also found that Thompkins had paid a donation fee of five dollars, and the defendant had paid taxes amounting, with interest, to twenty dollars.

The court, holding that the plaintiff was not obliged to tender, before suit, the taxes, penalty and costs; and that he was not bound by the statute of two years' limitation, rendered judgment in his favor for the land, subject, however, to a lien of twenty-five dollars, in favor of defendant, which was declared on the ground that he was entitled to it for the amount of donation fee and taxes.   From this, defendant appeals.

A bill of exceptions shows:   That a jury had been, at first, empaneled to try the cause, when the defendant's counsel moved to dismiss the action, on the ground that it appeared from the pleadings that the defendant was in possession under a donation deed, regular on its face; and that the complaint did not state that, before suing, plaintiff had filed in the clerk's office the affidavit required by section 2267 of Gantt's Digest.   After argu-

Dauglass v. Flynn.

ment of this matter, the court suggested to counsel, the propriety of taking the case from the jury and submitting it to the court on the law and agreed facts ; this was done, by consent.

The points of law insisted on by defendant, which he asked the court to declare, and which the court refused to adopt, were two : 1st.   That in order to maintain the action it must appear that plaintiff had filed in the clerk's office an affidavit that he had tendered the " taxes, penalty, and costs, and for the value of all im- "provements with the per centum thereon " ; 2d.  "That the validity of the Auditor's donation deed could not be attacked in a court of law, only by direct proceedings in equity."

The first two grounds of the motion for a new trial embraced these points.   It was, as to these, unnecessary. There never was, indeed, any need of a trial of facts, and the suggestion of the court was a timely one.   No facts were disputed.   Error of law in giving or refusing instructions to a jury is good ground for a motion for a new trial.  So, also, any error of law announced by a judge in trying law and fact, which *bears upon the finding of the facts*, would be.   But error of law announced as the basis of a judgment, or decree, upon given facts, found or admitted, would not be remedied by a new trial.   Parties are not required in such cases to importune judges for a re-consideration.   If the error appears in the record it is sufficiently questioned by appeal.

The first ground of the motion is that defendant was taken by surprise in the matter of taking the case from the jury, saying that defendant's counsel understood the court, in making the suggestion, to intimate that the matters of law above set forth as the first and second

1. PRACTICE: Jury trial.

2. MOTION FOR NEW TRIAL: When necessary.

Douglass v. Flynn.

grounds in the motion, were fatal to the action; and therefore his counsel admitted agreed statements which were not true, and omitted to make proof of valuable improvements. If this means anything it means that the counsel of defendant put the matter in the hands of of the court, with the assurance, based on the intimation of the judge, that the judgment would be in defendant's favor; and, in that view they made no effort to make proper proof, and were careless in making admissions. The bill of exceptions does not disclose any such intimation as made by the judge, and the motion cannot of itself speak to a fact.

The fourth ground is a reiteration of the plea of two years' limitation.

The first question presented by the record is: Was it it necessary, under the circumstances, to tender before suit, any amount to defendant for taxes, penalties, costs and per centage?

An *Act of January* 10, 1857, (see *Pamph't Acts, p.* 80; *Gould's Digest, p.* 750, *Sec.* 7; *Gantt's Digest. Sec.* 2267) prohibited any action to be brought for the recovery or possession of lands against any one holding the same *by virtue* of certain tax sales, redemptions, &c., including donation deeds, unless, before the issuance of the writ, the plaintiff should file in the clerk's office an affidavit, showing that he had tendered the defendant the full amount of all taxes and costs paid on account of the land, with 100 per cent. interest on the amount first paid, and 25 per cent. per annum upon those paid subsequently, together with the full value of all improvements of whatever nature. In case such action should be brought, it was made the duty of the court, upon being satisfied that no such affidavit had been filed in advance of the suit, to dismiss it at the cost of the plaintiff.

In *Craig v. Flanagin et als.*, 21 *Ark.*, 319, which was a bill by a former owner of land, to review and set aside a decree confirming a tax title, without any affidavit having been made by Craig of a previous tender, it was strongly urged by counsel that the law was unconstitutional. In an opinion by Mr. Justice Fairchild, the law was sustained, in its application to that particular case, upon the ground that the land had been taxed, and the payment of the taxes rightfully enforced after Craig's neglect to pay them. The theory of the opinion is, that the legal title to the lands had passed from Craig to the purchasers by virtue of the tax sales; that the right to sue for them was given as a matter of grace, and the Legislature might impose such conditions as it saw fit, upon its exercise. It is fairly deducible from the reasoning, that the law would *not* have been held constitutional, in its application to a case where the tax sale had been utterly void so as to have passed no title. Such was plainly Mr. Justice Fairchild's view as expressed in an *obiter*. He says: "If the act in question * * was "* * * introductory of a new rule, which entirely "destroyed an owner's right to sue for his own lands "except upon paying for improvements made without "his consent and without default upon his part, * * "* * * * or if it transferred Craig's property to "Flanagin and Duncan without the judgment of Craig's "peers, or *without warrant of the law of the land*, * * * "* this court might not differ from counsel in his esti-"mation of the law. * * * * But the compulsory "transfer of the appellant's land to the appellees has not "been made, without, or against, the law of the land."

The effect of this decision is, that there must be a previous tender, and affidavit showing it, before any suit could be brought by a former owner to cancel or set

Douglass v. Flynn.

aside a title derived from the State, in one of the named methods, where the title had actually passed by force of law, and it might be attacked on some ground of irregularity, or upon some legal or equitable grounds, sufficient for relief. The correlative proposition, intimated in the opinion, is, that there need be no tender nor affidavit in cases where the sale from the State had been wholly void and without any warrant of law. The whole opinion in this case was adopted, and the principles reaffirmed by express reference, in the case of *Pope et als., v. Macon et als.*, 23 Ark., 644. The next step in the construction of the statute was taken in the case of *Chaplin v. Holmes* 27 *Ark.*, *p.* 414, which was a bill to remove a cloud, created by tax titles, and set aside the conveyances, the tender and affidavit were held unnecessary, upon the ground that the act applied strictly to actions the direct object of which was to gain *possession* of the land.

At the December term, 1873, in the case of *Hainey v. Cole et als*, 28 *Ark.*, 299, the court gave to the law in question a construction which seems to go far beyond its intention. Haney had made application to the Chancery Court for confirmation of a tax title which was resisted by the former owners. The court found the sale void, and dismissed the bill for want of equity. The complainant appealed. This court affirmed so much of the decree as declared the purchase at the tax sale void, but held that, under the act in question, the complainant had a vested right, by his void purchase, to the payment of all which the defendants would have been obliged to tender if they had first moved the court; that is, the amounts paid with the 100 per ct. on original amount, and 25 per ct. per annum on subsequent payments, with full value of improvements. There was a decree accordingly, declaring

a lien. The decision in that case does not touch the point of tender. The defendants did not make any tender or affidavit prescribed by statute. The court in giving complainant his lien for taxes, &c., adopted as the measure of it, the severe interest of 100 per ct., and 25 per ct. per annum, prescribed to be tendered, or shown by affidavit, in a proper case for the application of the statute, where those who attack the tax deed might be plaintiffs. In this regard, I think the doctrine of that case erroneous. The statute is special, and does not give this lien in cases where the affidavit is unnecessary.

In *Pettus & Glenn v. Wallace et als.*, 29 *Ark.*, 476, this court silently ignored the case of *Haney v. Cole, supra,* re-affirming the doctrine in *Chaplin v. Holmes,* and refusing to apply the provisions of the statute to certain defendants who set up a cross-claim for a lien, in antagonism to a tax purchaser, under which the original complainant made claim. The tax sale in that case was held void for what was only an irregularity, several tracts having been sold *en masse.* The court, then composed of Mr. Chief Justice English, and Justices Walker and Harrison, all of whom were thoroughly versed in the policy of our revenue legislation, assigned, as one of the reasons why the statute of 1857, regarding the affidavit of tender, did not apply, that the persons attacking the tax sale had never been in default with regard to payment of taxes, as it had not been their duty to pay, them; this is in line with the views of Mr. Justice Fairchild expressed in *Craig v. Flanagin (supra),*

In *Gaither et als v. Lawson,* 31 *Ark.*, 279, the appellee brought ejectment upon an entry of the land, made in the United States land office in 1873. The defendant pleaded amongst other things, that he had bought the lands at tax sale in 1869, and made val-

uable improvements to the extent of $3,000, and that plaintiff before suit had not filed the affidavit of tender required by statute. This court was then indisposed to give any other construction to the statute than the case extorted, and contented itself with saying that "whatever else the statute may mean, it certainly does not mean, that where public lands are assessed and sold for taxes, which are not subject to taxation at all, and afterwards entered, the person entering them must tender to the tax sale purchaser, the money paid by him" &c., and "the value of improvements &c., before he can maintain an action for the lands." The citation in that opinion of the case of *Haney v. Cole* seems a clerical *lapsus*, as the case has no bearing on the point. The opinion in *Gaither v. Lawson* is, in effect, that where there was no right nor authority to sell, whatever, the whole thing being a complete nullity, then any one entitled may sue without tender, or affidavit.

In *Hickman et als v. Kempner*, 35 *Ark.*, 305., defendants, who were sued in ejectment, upon a tax title, were allowed by cross bill to attack the tax title, and have it set aside, upon doing equity—that is, by reimbursing the tax purchaser his actual outlay in discharging taxes, with interest, but without penalty or costs. There is no shadow of reason in making any distinction in equity, on this point, between a bill and cross bill—or at least the distinction must be very technical. In the case last cited the tax deed was void not because the lands were not liable to taxation, or because the taxes were improper, but because the delinquent list had not been filed in time. In that case, however, there had been no motion to dismiss the cross complaint for want of an affidavit. But this court announced its opinion of what sort of tender the cross complainant was required to make to be entitled to

Douglass v. Flynn.

relief in equity; taking no notice of the statute, as applicable.

In *Hare et als v. Carnell et als*, 39 *Ark.*, 196, this court, following *Chaplin v. Holmes*, refused to apply the statute to a suit in equity to cancel and set aside a purchase at a tax sale, as it was not an action for the recovery or possession of land.

Effect was given to the statute, however, in *Coates v. Hill*, 41 *Ark.*, 149, in which it was held that it had been modified as to time of tender and amount of sum to be tendered, by the Revenue Acts of 1868 and 1869, but was still otherwise in force; and consisted with the constitution. The action of the court below, in dismissing an action in ejectment, against a purchaser at tax sale, for want of such tender, was affirmed. It does not appear from the opinion whether the tax sale appeared to be void or good.

Upon this review of our decisions upon this statute, it must be confessed that they leave its true meaning and bearing somewhat vague and undefined.

Since Mr. Justice Fairchild's attempt to shadow forth its policy, and mark its limitations by great constitutional rights, it has been rather clipped and hemmed in by special regulations, than expounded with reference to its whole policy, and the legislative intent. In each varying phase of circumstances, the bar and bench encounter in it a new problem. The ghost rises, ever and anon, to haunt us; and doubtless will continue to do so, until it may be effectually exorcised by legislative action.

Enough has already been decided upon it, however, to enable me to say with some degree of assurance that the peculiar statute of January 10, 1857, is penal in its nature and to be strictly construed; that it was not intended to repel from the assertion of their just rights persons who had

By Eakin J. Tax titles: Act of January 10, 1857.

never been under any obligation to pay the taxes for for which the lands were sold, and had committed no default in failing to do so; that it has no application where the State had no power in itself, nor its officers by any warrant of law, to collect any taxes on the land, and where the sale is absolutely void on that account, and not for irregularities merely; and that, in no case, can it apply where the suit is not directly for the recovery or possession of land, nor where the tax title is repelled by a defence or cross claim. So much of the decision in *Haney v. Cole, supra,* as holds that the statute gives any holder of a void tax, or donation deed an absolute lien in any case, not only for taxes discharged and costs, (which is right) but also for the highly penal percentage, is, I think, ill-advised and erroneous.

The statute is a short one in four connected sections, referring to each other and all applying to the same class of cases. This connection may have been lost sight of, in the distribution of the sections in the general digests. The two years' limitation, the requirement of the affidavit before suit, the directions to the court to dismiss the action if no affidavit be filed; and where one has been, and judgment be for plaintiff, to declare a lien upon the land for the amounts sworn to have been tendered, comprise the whole subject matter of the act. The sections are interlocked not only by express cross references, but by the constant use of the word "such." In no case where no affidavit need be made, does the limitation apply, nor has the court power, under the act, to dismiss the suit, nor declare a lien upon the land, in case of judgment for plaintiff. The general power of courts of equity to fix and declare all proper liens, is irrespective of the statute.

It is apparent, from the agreed facts, that there never

Douglass v. Flynn.

was any forfeiture to the State, no title in it at any time, no authority in any of its officers to make a donation deed, and if there had been any inchoate title in the donee, it had reverted to the State from his failure to make the improvements required by the statute. *Gantt's Dig. Sec.* 3894. Much less was there any show of title in defendant, to whom the lands had been sold by the donee, without any improvements first made. In that event all title he might have had reverted to the State, (*Ib.* 3896).

The original title of plaintiff is admitted, and the defendant, divested by his own admissions, of all show or color of title, cannot be said to have been *holding* the land under or *by virtue* of a donation deed. He was the vendee of the State's donee, under circumstances which did not entitle him to any recognition as a holder of the title, which was claimed to have been denied from the State. By express provisions of the statute the land would, by the attempted sale, have passed back to the State, if it or its original donee had ever had any title at all. The defendant stood towards the real owner, in the attitude of a trespasser, and could only plead the general statute of limitations of seven years.

We can see no reason why the want of title in the defendant, cannot be shown in an action at law, where the claim to title is set up as a defence. The complaint does not attack it. It is interposed as a shield, and the defendant himself tenders the issue of its validity. It would be strange if the plaintiff could not show that it is utterly worthless and invalid. It is so *in law*, by force of the donation statutes. No title could pass from a State's donee who had not made improvements, and vest in an individual. The law gave effect to the attempt, so far as to carry the title out of the grantor, but diverted its course from the vendee back to the State. Also it is

void from defect of power under the revenue laws. There never was any forfeiture to the State, nor anything which the commissioner of the State was authorized to donate. This leaves out of view the confessed fraud upon the State by the donee who entered the land on speculation, made no improvements, and attempted to sell. This made it void in equity also, if the suit had been there.

That this opinion may not, in one point, be misleading, from silence, I desire to remark that the judgment is too favorable for appellant. Proceedings at law and in equity are kept distinct by our code of civil practice and, generally, the courts of law have no power to mould their judgments after the fashion of decrees in equity, so as to protect all parties. So, generally, in actions of ejectment, they have no power, in a proper course of practice, to render judgment for the plaintiff; and at the same time fix and declare liens upon the land in favor of defendants. To do this in ordinary cases requires equitable proceedings upon the equity side of the court. The exceptions are statutory. The Act of January 10, 1857, as I have shown, gives this power in all that class of cases in which it is necessary to file an affidavit of tender before suit, but it is expressly confined to them.

The court below held properly, that this case as to the affidavit, and the section as to limitations, did not come within the purview of the statute. The power then to give a lien and declare it, did not attach. It is a doctrine of equity, recognized in equitable proceedings, that whoever, in good faith, and not as a mere intermeddler discharges the lien of the government for taxes and other burdens, is entitled to a fair compensation, and a lien for reimbursement. But this judgment outside of the statute is not a competent one, in kind to be rendered at law.

Our State, unlike most others adopting the Reformed

practice, has thought proper expressly to preserve the distinction between proceedings at law, and in equity. They remain as distinct under the code as if administered by separate courts and judges. Remedies and relief, peculiar to equity, should be administered by equitable proceedings. If they are imported into actions at law, great confusion will ensue.

The plaintiff below does not appeal, however, and the judgment cannot be reversed in his favor.

It remains to add, that the majority of the court rest their concurrence in the result of this opinion solely upon the ground that no one claiming as assignee or vendee of a donation claim, upon which the donee had made no improvements at the time of the attempted alienation, can be said to hold under it, inasmuch as the statute declares, that upon such attempt, the land reverts to the State, and that therefore the statute of January 10, 1857, has no application, either as to the tender, or limitation. So far, and also as to matters of practice, the court is in full accord. My associates have not thought it necessary to discuss other matters, and all beyond that must be taken as the expression of my individual views.

Affirm.