BURGETT *v.* McCRAY.

Opinion delivered January 4, 1896.

TAX-SALE—REDEMPTION.—A suit by an infant to redeem land from a tax sale is not an action for the recovery of land or for the possession thereof, within the statute (Sand. & H. Dig., secs. 2595–6) requiring an affidavit of tender of taxes.

Appeal from Crittenden Circuit Court in Chancery.

JAMES E. RIDDICK, Judge.

*W. G. Weatherford*, for appellant.

The affidavit required under sections 2595-6-7 Sand. & H. Digest is required only in actions for the *recovery of land* or its possession. This was not a suit of that character. 21 Ark. 323 ; 29 *id.* 487 ; 43 *id.* 399; 41 *id.* 63 ; 43 *id.* 306; 49 *id.* 552; 53 *id.* 418; *Ib.* 423. It was error to dismiss the bill.

BOURLAND, Sp. J. This was a suit on the chancery side of the Crittenden circuit court by appellant, Pearl Burgett, as a child and only heir at law of I. W. Burgett, deceased, to redeem from tax sale certain lands described in her complaint, which were sold for the non-payment of the taxes for 1876 and 1877. It is alleged in the complaint that appellee is in possession of the lands, claiming title under a deed executed by the commissioner of state lands by virtue of the act of March 14th, 1879. It is alleged that appellant's father, I. W. Burgett, died in 1872 in possession of and claiming to own several tracts ; that appellant reached the age of eighteen years on the 7th day of February, 1888, and in the year 1889 she applied to appellee to redeem the property. It is also alleged, in substance, that appellee, under frivolous pretext, denied her right to redeem, and continued to hold the possession. In her complaint appellant offers to bring into court the requisite amount due, and prays that it be ascertained, and for such relief as the facts will warrant.

Appellee answered, in substance, denying appellant's alleged offer and right to redeem, denying her ancestor's possession and claim, but admitting her age and heirship as alleged. It is also alleged in the answer that valuable improvements have been made and taxes paid on the lands, but the value is not stated. And, among much redundant matter, there is a prayer for affirmative relief as to improvements and taxes, in the event redemption be decreed.

Appellee's answer was filed on the 6th day of November, 1891. Thereafter, as the record discloses, depositions were taken on both sides relating to the alleged possession and offer to redeem. In 1892, at the April term of the court, the cause, on motion of appellee, was continued to the succeeding term. No further action appears to have been taken until the November term 1893, when a motion was filed by appellee to dismiss, under section 2595 and 2596, Sandels & Hill's Digest. The court sustained the motion, for failure of appellant to file the affidavit required by the section first named, and entered judgment accordingly, from which this appeal was prayed and granted.

Section 2595, Sandels & Hill's Digest, which is part of the act of January 10, 1857, is as follows : "No person shall maintain an action for the recovery of any lands, or for the possession thereof, against any person who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of state lands, for the non-payment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state for the non-payment of taxes, or who may hold such lands under a donation deed from the state, unless the person so claiming such lands shall, before the issuing of any writ, file in the office of the clerk of the court in which suit is brought an affidavit setting forth that such claimant hath tendered to the person holding such lands in the manner aforesaid, his agent or legal representative, the amount of taxes and costs first paid for said lands, with interest thereon from the date of payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale, with interest thereon, and the value of all improvements made on such lands by the purchaser, his heirs, assigns or tenants, after the expiration of the period allowed by law

for the redemption of land sold for taxes, and that the same hath been refused." Ought appellant's cause to have been dismissed on appellee's motion, under this section? After mature consideration, we are of the opinion that it ought not to have been so dismissed. The purpose of the statute, which must be considered, was (1) to reduce to the minimum the non-payment of lawfully assessed taxes, by rendering procrastination in that regard at once exceptionally expensive and vexatious to the land owner ; and, upon the other hand, (2) to encourage persons to become purchasers at tax sales, by the assurance, found in the terms of the act, that, despite the dangers to their permanent possession of the land consequent upon irregularities in the tax proceeding, *that possession cannot be disturbed by litigation founded upon such irregularities, until the ligitimate expenditures of the tax purchaser, with unusual profits, shall have been tendered, and an affidavit to that effect filed in the clerk's office.* Redemption belongs to a different class of remedies. It assumes the validity of the tax and the regularity of the tax proceeding ; and while redemption is, of course, preceded by dereliction upon the part of the land owner, that dereliction finds its penalties in the general revenue laws, and not in the act of 1857.

We are not unmindful of a very early case,—*Craig* v. *Flanagin*, 21 Ark. 319. There, as it appears, the tax purchaser had regularly obtained a tax deed, and in due time, by a proceeding in chancery, obtained a decree of confirmation, the effect of which was to bar any action to recover the land on account of any irregularity in the tax proceeding, and to complete the title in the purchaser ; and it was to avoid the effect of this decree that Craig, the appellant, filed his bill in equity attacking the decree as well as the tax deed. He failed to file the affidavit prescribed by the act under consideration, and

a dismissal for this failure was affirmed. That was not a suit to redeem; but it is to be presumed that the court treated it as, in effect, an "action for the recovery of land or the possession thereof," against a person "holding it under a collector's deed." However, if such a suit in chancery may be held to be "an action for the recovery of land or the possession thereof," or if the tax purchaser may be said longer to "*hold under a tax deed,*" *after decree of confirmation,* it is well to observe that the terms of the act, being penal, should not be extended beyond its letter.

As early as 1872, in *Chaplin* v. *Holmes,* 27 Ark. 414, which was a suit by a married woman, brought in equity, to remove a tax deed as a cloud upon her title, it was held that the filing of the affidavit was unnecessary, upon the ground that the act makes such affidavit a prerequisite only in "actions for the recovery of land or the possession thereof." In *Douglass* v. *Flynn,* 43 Ark. 398, which was ejectment against a person holding under "a donation deed," the affidavit was not required because "no one claiming as assignee or vendee of a donation claim, on which the donee has made no improvements at the time of his sale, can be said to be holding under it, inasmuch as the statute re-vests the land in the state upon such attempt to sell; and therefore the act of January 10, 1857, 'to quiet land titles' has no application, either as to the tender of taxes or limitation of the action expressed in the act." And so in *Kelso* v. *Robertson,* 51 Ark. 397, opinion by Hemingway, J. There it appeared that the taxes for which the lands were sold had been previously paid by the land owner, and for this reason "the deed" under which the purchaser held was void, and the affidavit, consequently, unnecessary. The case of *Anthony* v. *Manlove,* 53 Ark. 423, was a suit in ejectment by a minor, who, it appears, filed the affidavit, and without,

of course, questioning the essentiality of it, the defendant below sought to traverse its allegations. To this the court said : "The statute does not, in terms, provide that any issue may be made upon the allegations of the affidavit. There is no wise and beneficial object to be accomplished by the act which would justify the extension of its operation beyond its letter ; besides, being penal in its nature, it should be strictly construed." Still a stronger, though an earlier, case is *Hare* v. *Carnall*, 39 Ark. 196. It was a suit in equity by certain landowners to enjoin the execution of a tax deed, and thus to avert a cloud upon the title. *The bill was filed before the period for redemption had expired ;* and amongst other defenses interposed, it was sought to invoke the terms of the act of 1857. To that, however, this court in that case said : "This case does not come within the purview of the act of January, 1857. The effect of that act is that, before any suit for the recovery of land or its possession, shall be brought against any person holding it by virtue of a purchase at tax sale, etc., * * * * * * an affidavit to the effect, etc., shall be first filed." * * * * Continuing, the court in that case said : "This is neither an action for the recovery nor possession of land. The provisions of the law are severe, and will not be extended beyond the letter."

There are many points of similitude to the case at bar in *Carroll* v. *Johnson*, 41 Ark. 59. The plaintiff's land had been sold for taxes in 1876, while he was an infant. In due time they were conveyed to the state, and by the state deeded to a person who conveyed them to the defendant, and the latter went into possession. The plaintiff was still a minor when his suit was instituted, and he had previously tendered to the defendant the price paid by his grantor to the state, the value of all improvements, taxes, interest, etc., and brought the

money into court. And in that case this court, by Smith, J., delivering the opinion, after adverting to the act providing the manner in which minors and others laboring under disabilities shall redeem their forfeited lands, which is by sworn petition filed in the office of the commissioner of state lands, before the state has disposed of them, used this language: "No statute with which we are acquainted has prescribed the mode by which redemption is to be effected after a deed has been made to an individual, either upon purchase at the original tax sale, or upon purchase from the state after the land has come into the office of the land commissioner. Under such circumstances it becomes the duty of the courts to mould the remedy so as to give effect to the right. And no better course for the purpose of accomplishing justice to all parties in interest occurs to us than the course which was pursued here." And, while the statute which we are considering was not directly passed upon in that case, apparently for the reason that all parties treated it as having no application, what would have been held, however, we think, is equally as apparent, had the question been there directly presented, as it is here.

It may be conceded that in the case at bar, under the pleadings and general prayer for relief, appellant will be entitled, if the proof warrants it, to a decree as well for possession of the land as for redemption from the tax title; but it does not follow from this concession that the suit is "an action for the recovery of land or the possession thereof." The incidental granting by chancery courts of relief peculiar to courts of law is a practice well established. The language "actions for the recovery of land or the possession thereof" had a fixed legal meaning at the date of the act of 1857, and this meaning must be attributed to the legislature. Actions for the recovery of land were common law

actions. They tried the title and the right to posses-
sion. And it is in the light of the law at the date of
the act in question that its terms are to be construed.
The right according to which appellant in this case
was proceeding was granted long after the passage of
the act of 1857. At that time there was no exception in
the redemption statutes in favor of infants. *Smith* v.
*Macon*, 20 Ark. 17 ; Acts of 1875, page 227 ; Gantt's
Digest, secs. 5195, 5197 and 5266. See, also, *Bender* v.
*Bean*, 52 Ark. 132.

And, while now, as it was at the date of the act of
1857, a deed will be executed to the tax purchaser, at
the end of two years allowed to persons, generally, for
redemption, such deed is not now, as it was then, un-
qualified ; but the extension of the right of redemption
to minors until two years after they reached their ma-
jority had the effect of making such right a condition
subsequent to the tax deed executed to purchasers of
their lands, and the right is qualified only by the laws
of its creation and those enacted to govern its just and
proper exercise.

It follows, therefore, that for the error indicated,
this cause must be reversed.

We are unable to determine, however, from the
transcript, that the cause was prepared in the court be-
low for final submission. It is accordingly remanded,
with directions to set aside the decree of dismissal, to
overrule the motion to dismiss filed by the appellee,
and to further proceed in the action according to the
rules and practice in equity, not inconsistent with this
opinion.

Riddick, J., being disqualified, did not participate.