HODGES v. HARKLEROAD.

Opinion delivered February 25, 1905.

1. TAX SALE—REDEMPTION—TENDER OF TAXES.—A suit by an infant to redeem land from a tax sale is not an action for the recovery of land or for the possession thereof, within Kirby's Digest, § § 2759, 2760, requiring an affidavit of tender of taxes. *Burgett* v. *McCray*, 61 Ark. 456, followed. (Page 346.)

2. SAME—REDEMPTION—LIMITATION.—The various statutes of limitations do not cut off the right of a minor within two years after reaching majority to redeem his lands sold for taxes during his minority. (Page 346.)

3. SAME—RIGHTS OF REMAINDERMAN TO REDEEM.—A remainderman, whether vested or contingent, has such an interest as entitles him to redeem from a tax sale. (Page 347.)

4. REDEMPTION FROM TAX SALE—TENDER OF TAXES.—Failure of the plaintiff in a suit to redeem from a tax sale to tender the taxes paid by defendant will not affect the costs where defendant denied plaintiff's right to redeem, and where the bill alleged that an accounting of the taxes and improvements was necessary, and offered to pay amount when ascertained. (Page 347.)

5. SAME—RENTS.—In a suit by a minor to redeem from a tax sale the defendant is chargeable with rents only from the institution of the suit to redeem. (Page 348.)

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

In 1872, J. C. W. M. Harkleroad died, leaving a will, the substance of which, so far as it affects this case, was:

The real estate in question was devised to his brother, Hiram S. Harkleroad, for his natural life. At the death of Hiram S. Harkleroad it was devised "to the lawful child or children or their descendants who may be living, if there should be such, of him, the said Hiram S. Harkleroad, in fee simple, to be divided among them as though they were taking the same by inheritance from Hiram S. Harkleroad under the laws of Arkansas."

Daniel S. Harkleroad was the only child of Hiram S. Harkleroad, and he was born on the 25th of December, 1875, and consequently reached his majority on the 25th day of December, 1896. Hiram S. Harkleroad died on the 5th day of January, 1886. The lands in question were forfeited to the State for the taxes of 1876, and the State conveyed the same to George B. Peters, who purchased from the State, in 1879. Peters went into immediate possession of the land under his purchase, and it has ever since been held by him and his successors in title. On the 23d day of December, 1898, Daniel S. Harkleroad filed suit in Crittenden Chancery Court against the then owners of the Peters title, the appellants herein. The object of the suit was to declare the tax forfeitures and sales to the State void, and cancel the deeds to Peters, and the mesne conveyances from Peters to the parties in possession; or, should the tax sales and forfeitures not be void, then that plaintiff Harkleroad be decreed entitled to redeem the land from the sales, and that an account be taken and stated of the amount necessary to redeem. It was alleged that, owing to the great length of time elapsing since the forfeitures and sales for taxes, the account was a matter of great complication, and that it was necessary to come into the chancery court to have the amount fixed which was necessary to be paid to redeem the land. The prayer was that the tax sales and forfeitures be declared void and clouds on plaintiff's title, and that they be cancelled, or, should they not be void, that it be decreed that plaintiff be entitled to redeem the land; that an account be stated of the amount necessary to redeem, and, upon plaintiff paying the amount, that the tax sales be cancelled, and the plaintiff declared the owner of the land, and for other appropriate relief.

The defendants took issue upon each material averment of the complaint, alleged title in themselves, denied it in Harkleroad, denied his right of redemption, or that the accounts were com-

plicated, needing an adjustment in chancery, asserted a failure to make affidavit of tender of amount of taxes and value of improvement, and that no tender had been made nor information requested of the amount of such expenditures. (It was admitted that the affidavit of tender was not made, and there is no evidence of the condition of the account.) The defendants pleaded laches, the ten-year statute of limitations and the five-year statute and the seven-year statute of limitations, in addition to the other defenses mentioned.

The plaintiff died during the pendency of the action, and it was revived in the name of his heirs at law, the appellees herein.

The court decreed that the heirs at law of Harkleroad were the owners of the land in controversy, and that they were entitled to redeem it, and cancelled the deeds to the land held by the defendants, and appointed a commissioner to take and state an account of the amount of taxes, value of improvements, rents, etc., finding the amount necessary, if any, to be paid by said heirs to redeem, "such amount being unknown, and the question having, by the agreement of counsel, been reserved," and directed the commissioner to report his acts at the next term. It was further decreed that the defendants had a lien on the land for whatever amount the commissioner might show they were entitled to. The defendants appealed from this decree.

*Wm. M. Randolph, Geo. Randolph* and *Wassell Randolph,* for appellants.

In making an attack upon a tax title, the complaint must be specific. 8 Ark. 272; 24 Ark. 460; 34 Ark. 63, 292; 49 Ark. 311; 51 Ark., 1. The deeds, being in good form and not contradicted in any way by the record, are conclusive of the legality of the sales. Gantt's Dig. § § 3891, 3914, 5221; Sand. & H. Dig. § § 6623, 724, 4565, 4582; 49 Ark. 266; 56 Ark. 276; 15 Ark. 331; 43 Ark. 543. Appellant's defense of limitations was good. 53 Ark. 419; 59 Ark. 460; 60 Ark. 499; 66 Ark. 144; 71 Ark. 117. The suit should have been dismissed for want of the affidavit required by the statute. 21 Ark. 319; 23 Ark. 644; 41 Ark. 149. The right to redeem from sales for taxes is uniform, and no exception is made in favor of persons under disability. 16 Ark. 671; 17 Ark. 199; 20 Ark. 17; 41 Ark. 59; Tender of taxes should have been made in court. 56 Ark. 199; 10 Metc. 101;

22 Ia. 538; 2 Jones, Mortg. § 1095; Story, Eq. Pl. § 187*a*; 53 Ark. 69; 57 Ark. 533; 37 Ia. 258; 38 Ia. 482; 36 N. Y. 152; 66 Ark. 141; 65 Ark. 393; 52 Ark. 133; 43 Ark. 306; 30 Ark. 732; 39 Ark. 196; 49 Ark. 37. If the statutes fail to provide for cases of disability, the courts have no authority to do so. Cooley, Tax. 364; 99 U. S. 441. The plaintiff had no interest in the land that entitled him to redeem. Gantt's Dig. § 5197; Black, Tax Tit. 420; Cooley, Tax. 366; 39 Ark. 583; 42 Ark. 215. A sale of land for taxes cuts off contingent or unvested estates. 16 N. Y. 246; 32 Mich. 36; 124 U. S. 360; 53 Ark. 358; 58 Ark. 84; 52 Ark. 143; Sand. & H. Dig. § 6647; 94 U. S. 711; 67 Ark. 517; 58 Ark. 303; 14 How. 488; 1 Kerr, Real Prop. § 453; 2 McCord, 440; 4 Paige, Ch. 47; 11 Humph. 58, 483; 87 Tenn. 589; 93 Tenn. 167; 38 Ark. 374; 44 Ark. 458.

*L. J. Farley* and *St. John Waddell,* for appellees.

Harkleroad had a right to redeem. 41 Ark. 63. Sufficient tender was made. Black, Tax Tit. § 232; 100 U. S. 564; 53 Ark. 418; 61 Ark. 456.

HILL, C. J., (after stating the facts.) 1. The attack on the validity of the tax forfeitures and sales was abandoned in the chancery court, and is not insisted upon here, and the case was tried and determined upon the alternative prayer of the complainant, for redemption of the land from the tax sales. This eliminates the defense interposed and insisted upon here that the suit could not be maintained without the affidavit of tender of taxes and value of improvements required by sections 2759, 2760. Kirby's Digest. In *Burgett* v. *McCray,* 61 Ark. 456, it was held that such affidavit was not required in suits to redeem from tax sales occurring during the infancy of the plaintiff.

2. The various statutes of limitations are not applicable; the suit was brought within two years of the plaintiff reaching his majority. Section 7095, Kirby's Digest, gives minors two years after reaching majority to redeem lands sold during their minority for taxes. This right is a privilege to defeat the tax title by its assertion at any time within two years after reaching majority, and it can be asserted against the State, its vendees, and subsequent purchasers of the vendees. *Carroll* v. *Johnson,* 41 Ark. 59; *Bender* v. *Bean,* 52 Ark. 132; *Burgett* v. *McCray,* 61 Ark. 456; *Moore* v. *Irby,* 69 Ark. 102.

3.   It is urged that at the time of the tax forfeiture and sales the laws did not authorize redemption by minors from the sale, and that the subsequent statutes do not apply.  The privilege of redemption was extended to minors by the revenue act of 1873, and has remained unchanged.  *Bender* v. *Bean,* 52 Ark. 132; *Carroll* v. *Johnson,* 41 Ark. 59.  In these two cases the forfeitures were for the year 1876, and the deeds from the State in 1879, exactly as in the case at bar.

4.   It is insisted that Daniel S. Harkleroad was not the owner of the land, in the purview of the statute, at the time of the forfeiture to the State and the sale by the State to Peters.  At the time of the forfeiture and subsequent thereto said Harkleroad owned the fee of the lands subject to the life interest of his father, and subject to a reduction of his interest by the birth of other children to his father, who might be living, or their descendants, at the time of the father's death.  His interest was a vested remainder, subject to a contingency by which the entire interest might be reduced to a moiety.  It ripened into a fee simple title at his father's death in 1886.  In *Woodward* v. *Campbell,* 39 Ark. 580, 584, and *Sanders* v. *Hill,* 42 Ark. 215, it was held "that almost any right, either in law or equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on land, amounts to such an ownership as will entitle the party holding it to redeem."  This is the general rule on the subject.  2 Blackwell, Tax Titles, § 705.  Mr. Blackwell says: "In construing the redemption laws, the courts hold that the word 'owner' is a generic term, which embraces the different species of interest which may be carved out of a fee simple estate."  2 Blackwell, Tax Titles, § 705.  In *Sims* v. *Cumby,* 53 Ark. 418, it was held that the remaindermen, whether their interest was vested or contingent, had a right to redeem.

5.   It is insisted that the suit could not be maintained without a previous tender of the amount necessary.  In *Carroll* v. *Johnson,* 41 Ark. 59, this was held the approved practice; but in *Bender* v. *Bean,* 52 Ark. 132, it was held that the right to redeem, when the bill offered to pay the amount ascertained, could not be defeated when it was met with a denial of the right of redemption, instead of a mere objection for failure to tender.  Had the only defense here been the failure to tender the proper amount, or any amount, thereby putting the defendants to unnec-

essary costs where the redemption money would have been accepted, then this question would have been important, at least as to the costs. In this case, however, there was an allegation of the necessity of an accounting in chancery to ascertain the amount. This was denied, but in the final decree it was stated that this amount is unknown; and that question, having by agreement of counsel been reserved, was submitted to a master. Doubtless, it was such a matter as would be difficult to reach, as pointed out in *Bender* v. *Bean,* and would likely require evidence to ascertain the value of improvements, and consequently a tender of the proper amount could not be made until that was ascertained, as well as the amount due for taxes.

6. A question is raised as to charging the defendants with rents. The decree does not indicate what rents are to be charged against them. If rents during the time they have held under the tax titles, and before the plaintiff attempted to defeat those titles by redemption, then it is contrary to the rule announced in *Bender* v. *Bean,* 52 Ark. 132; if subsequent to his attempted redemption, the decree is right; and, in the absence of a contrary showing, the presumptions are in favor of the decree.

The decree is affirmed.