Eastham v. Powell.

The statute and constitution being silent as to what constitutes a town, the courts look to the uses to which the land is put, even where laid off into lots. Thompson on Homest. and Ex., sec. 161.

The land was used for agriculture, and the fact that Doughty was postmaster, or had a store, or that certain residents of the village lived around on either side of him, does not change its character. 12 Iowa, 516; 38 Texas, 425; 20 Ark., 561; 21 Fla., 362; 1 Gen. Dig., 1886-7.

---

## EASTHAM V. POWELL.

1. ADVANCEMENT: *Presumption of: Rebutting evidence.*

Where a father purchased land and caused it to be conveyed to his imbecile daughter, declaring at the time of directing the conveyance to be made to her, that he did so in order to make provision for her on account of her infirmity, proof that he stated as an additional reason for the conveyance that he wished to exclude his second wife and her children from the benefits of the land, and expressed the opinion that as his daughter's natural guardian he would be able to enjoy the use of the property, is not sufficient to overcome the presumption raised by the law of an advancement to the daughter, but, on the contrary, confirms it—such exclusion of the wife, etc., being consistent with a gift to the daughter.

2. DEEDS. *Conveyance to imbecile: Delivery.*

Where the grantor in a deed conveying land to a person who is *non compos*, delivers it to the latter's father, intending by such delivery to pass the title to her, the father's acceptance of the deed for the daughter is a sufficient delivery to her, and the conveyance being for her benefit, her assent thereto will be presumed.

APPEAL from *Madison* Circuit Court in Chancery.

J. M. PITTMAN, Judge.

The appellant, *pro se*.

1. While in most cases delivery of a deed should be shown, yet if the deed is found in the grantee's hands, a delivery and acceptance is always presumed. Wash. Real Pr., p. 294. A conveyance may be made to a minor or lunatic, and the law presumes acceptance by or for them. Ib., p. 291.

2. The facts in this case clearly sustain the presumption of law that an advancement was made by the father to his child. Story's Eq. Jur., pp. 445–6, sec. 1202–3. Even if the daughter had been of sound mind an advancement would be presumed. 41 Ark., 301; 48 Id., 1.

3. The intention of the parties controls. 27 Ark., 77, and the presumption is that it was intended to be an advancement. 40 Ark., 62.

*C. R. Buckner*, for appellee.

The evidence discloses the fact that while Eastham was living on the land and exercising acts of ownership over it and without ever having had the deed recorded, he obtained credit on the faith of his being the owner in fee to the land, thereby placing the mortgagee in the attitude of an innocent purchaser for value. See 2 vol. Sugdon on Vendor (7th American edition), page 507, secs. 2 and 4.

If the conveyance of land to a child is proved to be for a

particular purpose, as in this case, (to keep the wife and his creditors from taking any interest and to have it so that the party paying the purchase money can control and sell it at pleasure) the child will be a trustee. 2 vol. Sugdon on Vendor (7th Am. Ed.), page 400, sec. 30; *Strimpfler v. Roberts*, 57 Am. Dec., page 606; Perry on Trusts, vol. 1 (2nd ed.), secs. 133, 137–9; Teidman on Real Property, page 500 and note 1.

We recognize the rule that in general there is no resulting trust were the parties are so closely related as parent and child, husband and wife, etc.

But there are marked exceptions to the rule, which is, if the land is taken in fraud of some one, or with the intention that the party paying the purchase money should have the equitable interest, the trust will result as in any other case. See note 1, page 500, Teidman on Real Property and the authorities there cited.

Mr. Perry on Trusts, vol. 1, (2nd ed.), sec. 147, says it is purely a question of intent, which has also been fully passed upon by our own supreme court in *Milan v. Freeman, et al.*, 40 Ark., 62; *James, as Admr., v. James, et al.*, 41 Ark., 301, and in *Bogy v. Roberts*, 48 Ark., 1; Story Eq., vol. 2, sec. 1202, (7th ed.)

Upon the subject of delivery we beg to call the attention of the court to page 814 of Teidman on Real Property, also 3rd Washburn on Real Property, (3rd ed.,) pp. 254 and 265.

If Eastman had a right to have the land conveyed to his daughter as a gift he also had a right to revoke the gift before delivery, which he did by mortgaging the land.

COCKRILL, C. J.

Laura Eastham, who is *non compos*, and her guardian,

Eastham v. Powell.

were made defendants to a suit by the appellee to foreclose a mortgage executed by Laura's father, T. J. Eastham, the complaint alleging that she claimed an interest in the mortgaged premises.

The guardian filed a cross complaint setting up paramount title in his ward. The cause was heard upon the pleadings and depositions, and the court decreed that Laura had no interest in the land.

The proof showed that the father had purchased the land and taken the deed in Laura's name. The contention is that the evidence establishes a resulting trust in favor of the father, and that the mortgage attached to his equitable interest. But the proof, so far from overturning the presumption of an advancement which the law raises when a father purchases land and causes it to be conveyed to his child, (*Robinson v. Robinson*, 45 Ark., 481,) confirms it. The daughter was *non-compos*, and the father when he gave directions for the conveyance to be made to her, declared that it was done as a provision for her on account of her infirmity. The proof relied upon by the appellant is that he also assigned as a reason for the conveyance to Laura that he wished to exclude his second wife and her children from the benefits of the property, and expressed the view that as the natural guardian of his daughter, he would be able to enjoy the use of the land. But the exclusion of the second wife and her children was consistent with the idea of a gift to Laura, and the fact that the father expected to reap only such benefit as his guardianship would afford him, was confirmatory of his expressed wish to confer the estate upon her.

It is further argued that the deed to the land was never delivered to Laura, and that the title for that reason never

1. ADVANCEMENT: Presumption of: Rebutting evidence.

2. Deed to imbecile: Delivery.

vested in her. The contention is that delivery of the deed to the father, who was the natural guardian of his imbecile daughter, was not a delivery to the daughter. The proposition can not be sustained. There is no question about the intention of the grantor to pass the title by the delivery. The assent of the imbecile could not be demanded, for she was incapable of assenting. But the conveyance was beneficial to her, and the presumption of assent under such circumstances is a rule of law. The father's declaration, at the time of the execution of the deed, shows, as we have seen, that his intention was to accept it for the daughter's benefit, and, as she was *non·compos*, it was like the acceptance of a deed by a parent for an infant child which has always been deemed a sufficient delivery. Tiedeman on Real Property, sec. 814.

If Laura was an improper party to the suit to foreclose the mortgage, the appellee cannot be heard to complain, (*Adams v. Edgerton*, 48 Ark., 419,) but the full measure of the relief to which he is entitled should be granted. The judgment against her interest will be reversed, and, as she is in possession, a decree will be entered here quieting her title against the appellee's mortgage.