## F. X. L. McNamara *v.* J. R. Baird et al.

1. **Tax Sale.** *Abatement act. Infants. Right of redemption.*

    The abatement act (Laws 1875, p. 11), while containing no express saving in favor of infants as to the right to redeem land from tax sale after attaining majority, provides in § 13 that lands sold to the state shall be held "subject to the equity of redemption" for twelve months, as provided in §§ 1701, 1702, code 1871. These sections contain a saving in favor of infants, and, as repeals by implication are not favored, the right was preserved to infants, within one year after attaining majority, to redeem lands sold to the state under said act.

2. **Same.** *Redemption. Death. Right of heir. Time to redeem.*

    Where an infant, having until one year after majority to redeem land from tax sale, dies, his heir has the same time in which to redeem, and is not limited to one year after the death of the infant. This is not cumulating disabilities, but giving effect to the right existing in the ancestor.

From the chancery court of Sunflower county.

Hon. W. R. Trigg, Chancellor.

The opinion contains a sufficient statement of the case.

*Dabney & McCabe,* for appellant.

Appellant inherited whatever rights his brother had at the time of his death. In *Harvey* v. *Briggs,* 68 Miss., 60, it was held that the privilege of disaffirming a contract made by a minor descended to his heir. There are stronger reasons for holding that the right to redeem from a tax sale descends. In *Stout* v. *Merrill,* 35 Iowa, 47, it is held that an infant who has the right to redeem lands from tax sale, may sell such right. Being salable, it is, of course, descendible. Hence, we submit that, whether the one or the three years' statute of limitations be applied, the right to redeem exists, for the bill was filed within one year after Thomas McNamara would have attained majority had he lived. This is not an exception to or infringe-

ment upon the rule against cumulative disabilities. The law never intended that the property of minors should be taken for taxes until after a given period from the time the infant arrives at full age.

*Frank Johnston*, for appellees.

The question is whether the complainant can unite his minority disabilities to that of his deceased brother, and thus escape the bar of the statutes limiting the period of redemption.

By the abatement act, one year was given for redemption, without any saving for persons under disability. Laws 1875, p. 11, § 14. Under this statute, the complainant is cut off, as was his brother. On the legal doctrine against cumulative disabilities, I submit that the period of redemption began to run against complainant on the death of the brother, and had expired before the bill was filed. Where the statute does not otherwise expressly provide, the exception is to be limited to those disabilities existing when the cause of action accrued. *Dease* v. *Jones*, 23 Miss., 133; *McDonald* v. *Hovey*, 110 U. S., 619; 1 How. (U. S.), 37; 16 *Ib.*, 247; 1 John. (N. Y.), 165; 3 *Ib.*, 523; 18 *Ib.*, 40; 3 John. Ch. (N. Y.), 129; 12 Wend. (N. Y.), 602; 7 Sergt. & R. (Pa.), 207; 2 Conn., 27; 3 *Ib.*, 227; 4 Day (Conn.), 298; 1 Metc. (Ky.), 602; 4 Mass., 182; 1 Taunt., 826; Sheppard's Touchstone, 31; 3 Coke Litt., 18, and notes;. Angell on Lim., § 482; 13 Am. & Eng. Enc. L., 732, 734.

The established doctrine is that a subsequent disability cannot be tacked to a preceding one. This rests upon two *a priori* principles—namely: (1) That the particular disability must exist at the time when the cause of action accrued; (2) that the purpose of the statute is to fix a period of repose, and that the saving is to operate upon the person, and not future disabilities. Otherwise, a right might run through centuries of minorities and covertures. In this case, the right to redeem descended to appellant, but, at Thomas McNamara's death, the statute of

limitations fixing the period of redemption was at once set in motion. The minority disability of Thomas did not pass by descent to appellant.

Argued orally by *Frank Johnston* for appellees.

Campbell, Special J., delivered the opinion of the court.

The title of the section of land was in Thomas McNamara, an infant, who acquired it by conveyance of the state of Mississippi, which had purchased it at a sale for taxes in 1867. It was sold for taxes in 1871, and purchased by the liquidating levee board. The south one-half of the section was sold for taxes in 1872, and struck off to the state, and this was again sold in 1875 under the "abatement act," and purchased by the state. In 1883 all the land was sold for taxes, and purchased by the state. The defendant has acquired whatever title the state or levee board had. Thomas McNamara died in infancy in July, 1889, and would have attained majority in December of that year. This bill to remove clouds from title and to redeem from tax sales, if valid, was exhibited by the complainant, the sole heir of Thomas McNamara, within one year from the time when Thomas would have been twenty-one years old, but more than a year after his death.

The tax sale to the levee board in 1871 is admitted by both parties to have been valid, and the right of complainant to redeem as to this sale is conceded. The sales of 1872 and 1875 are admitted by both parties to have been void, although in the answer of defendant the latter is invoked as protecting the right of defendant and barring the claim of a right to redeem, it being alleged, as it is in argument, that, under the abatement act, the right to redeem was limited to twelve months, with no saving in favor of infants beyond that, and this view seems to be advanced in argument by counsel for the complainant. The validity of the tax sale of 1883 is affirmed by the defendant and denied by the complainant, who claims the right to redeem, if the sale was valid, while the position of the defense is that,

except as to the sale in 1871, from which complainant may redeem, because the law under which it was made gave infants three years after majority in which to redeem, the complainant lost any right he may have had to redeem by not filing his bill within one year after the death of Thomas, from whom he inherited. The proposition is that, while Thomas McNamara had the right to redeem from all the sales for taxes, except that of 1875, if valid, and would have been entitled to maintain this bill for that purpose had he lived and exhibited it, the complainant is barred of his claim because of the lapse of one year after Thomas' death and the bringing this suit; that the one year commenced to run on the death of Thomas, and barred all claim to redeem, except as to the sale of 1871.

It is apparent that the paramount question in the case is the right to redeem as to all the sales, and, if the complainant has this right, it is not material to him whether they were void or valid. Indeed, the right to redeem is often more advantageous than to annul a tax sale, in case of an infant. We assume that the sale of 1871 was valid, and that of 1872 was not. Whether the sale of 1875, under the "abatement act," was valid or void, the right of infants to redeem from it within twelve months after removal of the disability, must be recognized. Section 13 of that act, p. 16 of laws of 1875, declares that the auditor shall "hold said lands subject to the equity of redemption for twelve months from the day of sale, as provided in §§ 1701 and 1702, code of 1871, except so far as modified and changed by this act." The expression "equity of redemption" was ignorantly used for the right to redeem as secured by the code of 1871, turning to which it is seen that the right of infants to redeem after attaining majority is given for the period of one year. There is nothing in the "abatement act" inconsistent with the provision of the code of 1871. On the contrary, the two harmonize completely. Repeals by implication are not favored, and the provision that the lands were to be held subject to redemption, as provided by the code of 1871, evinces

clearly the purpose to preserve unimpaired the rights of infants as to redemption, as formerly secured. True, infants have no saving because of their disability, unless it is given to them, but it was expressly given in the "abatement act," by reference to the code of 1871. It is not to be imputed, even to the legislature which passed this act, wise in conception and most bunglingly and obscurely expressed, that, while careful to secure to adults the right to redeem their lands sold under the act, it intended to withhold from infants the right to redeem their lands from such sales, after their majority, which had always been secured to them by our legislation, beginning with the act of 1822. *Richards* v. *Patterson*, 30 Miss., 583.

Thomas McNamara had the right to redeem the lands from all the sales for taxes, and, had he lived and brought this suit, his right would have been undoubted. Did his death while an infant abridge the right or shorten the time for its assertion by his heir—him on whom the law cast the right of Thomas—exactly that and neither more nor less? What statute or judge-made law effects this result? When did death shorten the period for the assertion of a right of the deceased? What law started the period of limitation against the right to redeem—the only thing inherited by the heir—at the death of Thomas McNamara? We know of none, and none has been cited. The complainant does not assert an original right of his own—if he did, his infancy would avail him—but he asserts a derivative right, derived from Thomas and descended to him just as it was in Thomas, and to be maintained in his behalf as if it had been asserted by Thomas. Thomas had the right to redeem when he died, and, had he lived, could have redeemed when this bill was exhibited, and, because he could, his heir, standing by law in his place and claiming his right, can. The statute of limitations ran against the right as if it continued in him who had it at first. This is well-settled law. There is in this no piling up of disabilities. Nothing is better understood than that that cannot be done, but it is equally well understood that a

right which passes from one under disability may be asserted by the new holder just as it could be by him who had it before, unless some law creates a bar as against such new holder. The right of Thomas McNamara to redeem was not a merely personal one, which expired with his life, but it was vendible and descendible, and, on his death, descended and existed in his heir, just as if he had lived to assert it.

We might cite many books to support these views, but they commend themselves, and we deem it unnecessary to cite authority for what will be accepted on its bare statement. The fundamental doctrine, from which it is deduced that there cannot be a cumulation of disabilities supervening after the accrual of a right of action, compels the recognition of the proposition that, in case of successive owners of the cause of action which had accrued, the period of limitation commences and continues attached to the demand during the subsequent changes of owners, so that the bar is completed by the time which would bar the first owner of the right. Time runs from the first accrual of the right, and where another succeeds one under disability, the new owner is bound to assert his acquired right in the time allowed the first holder of it, unless there be some statute changing the rule, and we have none such. In other words, changes of ownership, however numerous, and whoever may become owner, do not affect a right of action as to the time for its assertion, and the question always is, when would the original holder of the right be barred, for when he would be barred, the right, by whomsoever asserted, is gone, but not until then. Illustrations and applications of these principles abound in the reports and elementary treatises.

*Decree reversed, and cause remanded to the chancery court for further proceedings.*

Whitfield, J., being disqualified, took no part in this decision. J. A. P. Campbell, a member of the bar, was specially commissioned to sit in his stead.