## HOGGARD v. MITCHELL.

### Opinion delivered May 12, 1924.

1. LIMITATION OF ACTIONS—ACTION BY MARRIED WOMAN.—An action by a married woman to recover land is barred, under Crawford & Moses' Digest, § 6942, by lapse of more than seven years after her cause of action accrued, if she failed to bring her suit within one year after passage of the act of February 20, 1919, p. 90.

2. LIMITATION OF ACTIONS—ACTION BY HEIRS OF MARRIED WOMAN.— Where a married woman died prior to the passage of the act of February 20, 1919, removing the disability of coverture, an action by her heirs to recover land which had been held adversely to her for more than 7 years was barred by the lapse of three years from her death, under Kirby's Dig., § 5056.

3. LIMITATION OF ACTIONS—TACKING DISABILITIES.—Where, after death of a married woman during coverture, the three-year period after discoverture, allowed by Kirby's Digest, § 5056, for married women to sue for land, has elapsed, her heirs cannot prolong the suspension of this statute by tacking the disability of their minority to the disability of her coverture.

Appeal from Union Chancery Court, First Division; *J. Y. Stevens*, Chancellor; reversed.

STATEMENT OF FACTS.

Appellees brought this suit in equity against appellant to quiet their title in the land described in their complaint, and to recover possession thereof.

Appellant answered, denying title in appellees, and claiming title in himself by adverse possession.

It appears from the record that on the 28th day of November, 1904, Sandy Foy died intestate in Union County, Arkansas, owning the land in controversy, and leaving surviving him his widow, Laura Foy, and his

children, Pattie Dorne, Georgia Mitchell and Lena Moore, as his sole heirs-at-law. Shortly after the death of Sandy Foy in 1904, William McGraw employed R. S. Bowers, a lawyer, to draw a deed for him to said land, with the widow and heirs-at-law of Sandy Foy as grantors and Raiford Madison as grantee. McGraw, Bowers, and the Foys were all negroes. The deed contained the signatures of the widow and children of Sandy Foy above named. Bowers carried the deed to the home of the widow, and took the acknowledgment of the widow and of Georgia Mitchell to the deed. In a few days thereafter Bowers met Lena Moore and Pattie Dorne on the street, and asked to take their acknowledgments to the deed. They denied that they had signed the deed, and refused to acknowledge it. Laura Foy died in December, 1904, soon after she executed the deed. Pattie Dorne died intestate without issue in 1912. Lena Moore died intestate in 1916, leaving surviving her Fay McKissic and several other minor children, who are plaintiffs in this case. The present suit was commenced June 7, 1922.

According to the testimony of R. S. Bowers, he was familiar with the signature of Pattie Dorne, and her purported signature to the deed in question was her genuine signature.

Georgia Mitchell was a witness for the plaintiffs. She denied that she signed or acknowledged the deed in question. She also testified that the purported signatures of Pattie Dorne and Lena Moore to the deed in question were not their genuine signatures.

David Moore, the husband of Lena Moore, testified that he was familiar with the signatures of Lena Moore and Pattie Dorne, and that their purported signatures to the deed in question were not their genuine signatures. Appellant and his grantor have been in possession of the land ever since the execution of the deed in question, as testified to above. Other facts will be stated or referred to in the opinion.

The chancellor found that Georgia Mitchell and Lena Moore inherited the interest of Pattie Dorne in said land when she died; that Georgia Mitchell was barred of any recovery in said land by the statute of limitations, and that the children and heirs-at-law of Lena Moore were not barred by the statute of limitations and were entitled to recover from the defendant an undivided one-half interest in said land. This included the one-third interest which their mother inherited from her father and one-half of the one-third interest which their mother, Lena Moore, inherited from her sister, Pattie Dorne.

A decree was entered in their favor in accordance with the finding of the chancellor, and the case is here on appeal.

*Flenniken & Sellers,* for appellant.

The deed in question was good between the parties and their heirs and the grantee and his successors in title. 121 Ark. 498; 14 Ark. 286; 29 Ark. 548; 30 Ark. 110; 44 Ark. 520; 61 Ark. 527; 1 R. C. L. 257. The fact of the possession of the deed by appellant, the recording of same, the payment of taxes by appellant for 17 years, creates the presumption that the deed is genuine. 121 Ark. 498. Possession of the deed raises a presumption of delivery that can be overcome only by evidence clear and convincing. 82 Ark. 492. Recording the deed raised a *prima facie* presumption of its delivery. 132 Ark. 463; 61 Ark. 104. Delivery to a third party for the grantee is delivery. 121 Ark. 328; 123 Ark. 601; 82 Ark. 47. Appellees were barred by limitations. C. & M. Dig. 6942; 5 S. W. 329; 16 Ark. 154; 46 Ark. 438; 115 Ark. 1. Appellees are barred by laches. See 85 Ark. 85; 101 Ark. 230; 83 Ark. 385; 75 Ark. 312; 103 Ark. 58; 95 Ark. 178; 101 Ark. 230; 55 Ark. 85.

*Arthur D. Chavis,* for appellee.

Where the statute prescribes a method of conveyance, that method must be followed to make the conveyance valid. 140 Ark. 212. The only evidence on which a deed can be admitted to record is the certificate of acknowledgment by the proper officer. 25 Ark. 365;

123 Ark. 473. Question of whether a deed has been delivered is largely one of intention on part of grantor. 140 Ark. 579; 142 Ark. 311. Delivery of a deed conveying real property is essential to its validity. 24 Ark. 244; 77 Ark. 89; 84 Ark. 610. There must be an intention to deliver. 113 Ark. 289. The deed in question was not delivered. See 55 Ark. 633; 98 Ark. 466; 100 Ark. 427; 116 Ark. 142; 126 Ark. 182. A deed which is void in part because of fraud will be void as to the whole. 13 Cyc. 581. The deed should be delivered during the lifetime of the grantors. 24 Ark. 244; 51 Ark. 530. On the question of laches, see the following authorities: 60 Ark. 50; 22 Ark. 1; 83 Ark. 495; 103 Ark. 251; 52 Ark. 502; 42 Ark. 491; 33 Ark. 490; 55 Ark. 85. The equitable doctrine of laches is applied only when the party guilty of laches is asking the court of equity for relief. See 96 Ark. 540; 100 Ark. 399; 70 Ark. 371; 67 Ark. 320; 61 Ark. 527; 89 Ark. 19; 88 Ark. 478. Laches will not be imputed to a minor until the period of limitations has expired after he has reached his majority. 135 Ark. 205. The right of a married woman to assert her claim in lands of her deceased father, *held* not barred by laches. 134 Ark. 183. See also 142 Ark. 320; 150 Ark. 594.

HART, J., (after stating the facts). The chancellor properly held that Georgia Mitchell was barred by the statute of limitations. She was a married woman at the time of the execution of the deed by her mother to Raiford Madison, in December, 1904, and remained so until this suit was commenced on the 7th day of June, 1922.

Section 6942 of Crawford & Moses' Digest, which is § 5056 of Kirby's Digest, as amended by the Legislature of 1919, contains a proviso that any *feme covert* who has a cause of action for the recovery of land upon which she might sue or maintain an action, may bring suit and maintain her action within one year from the passage of the act of 1919.

Pattie Dorne died in 1912, and her mother died in December, 1904. During all this time, up to the bringing

of the present action, appellant and his grantor were in possession of the land in suit. After the death of her mother, Georgia Mitchell had a right to sue for the interest in the lands which she had inherited from her father, and, after the death of her sister, Pattie Dorne, she had a right to maintain an action for the interest which she inherited from her. She waited more than one year after the passage of the act of 1919 above referred to before she brought this action. Therefore the chancellor properly held that she was barred of recovery in the land by the statute of limitations.

The chancellor held that the minor children of Lena Moore were entitled to recover her interest in the land, and in this respect we think the chancellor erred. Lena Moore was a married woman at the time her mother executed the deed in 1904, and she remained so after the death of her mother until her own death on January 26, 1916. She died intestate, and left surviving her several minor children as her sole heirs-at-law. At the date of her death, § 5056 of Kirby's Digest was the statute in force with respect to actions to recover land. Under its provisions a *feme covert* had three years next after discoverture. within which to bring an action to recover her interest in land. The statute in question contains a saving clause against cumulative disabilities. The disability of coverture of Lena Moore first occurred, and the three years given her under the statute to bring suit after discoverture did not commence during her coverture; but, when she died, it commenced running against appellees, who were plaintiffs in the court below. The fact that they were minors at the time their mother died did not prevent the running of the statute. They cannot tack their disability to that of their mother in order to suspend or continue the suspension of the operation of the statute. *Dowell* v. *Tucker,* 46 Ark. 438, and *Freer* v. *Less,* 159 Ark. 509, and cases cited.

Pattie Dorne died in 1912 and Lena Moore in 1916. The present suit was not commenced until June 7, 1922. What we have said with regard to the running of the

statute of limitations applies with the same force to the interest inherited by Lena Moore from her sister, Pattie Dorne, as well as to the interest which she inherited from her father.   More than three years elapsed after her death before her childen instituted this action.   Under the statute they could not tack the disability of their minority to the disability of coverture of their mother. Therefore they were barred by the statute of limitations from any recovery in this case, and the chancellor should have so held.

It follows that the decree must be reversed, and the cause will be remanded with directions to dismiss the complaint for want of equity.