CHAMBERS *v.* BURKE.

4-4754

Opinion delivered October 18, 1937.

666

*Archie D. Murphy* and *Coulter & Coulter,* for appellant.

*Marsh & Marsh* and *J. S. Brooks,* for appellees.

BUTLER, J.  Marvin J. Burke, in 1929, became the owner of lots 3 and 4, block 6 of Combs' second addition to the city of El Dorado, Union county, Arkansas, by purchase.  At the time of the purchase lot 3 was encumbered by mortgage in the sum of $3,000, which was assumed by Burke as a part of the purchase price.  The taxes were not paid on these lots for the year 1932 and they were forfeited and sold to the state for the delinquent taxes on June 17, 1933, and, being unredeemed, were purchased from the state by J. M. Chambers which executed to him a deed on June 13, 1936.  Within twenty days thereafter, Chambers instituted an action in ejectment against appellees, Marvin J. Burke and Allie Burke, his wife.  At that time, Mrs. Allie Burke and her children, all of whom are minors, were living on the property.  The receiver for the mortgagee was made

a party and filed answer in which he alleged the tax deed was void and moved to transfer to equity and that the deed be canceled.

Various other pleadings were filed, among which was the intervention of Merle Marie Burke, Aubey Jean Burke and Robert Derle Burke by their mother and next friend. It was alleged that all of the interveners were minors at the time of the sale and conveyance to the state and that they now are; that about May, 1933, the property in dispute had been conveyed to them by their father, Marvin J. Burke, which deed had not been placed of record and had been lost or destroyed. They alleged the right to redeem from the tax sale and tendered to Chambers the amount of taxes, penalty and costs for which he had purchased from the state. The cause was transferred to equity and, on the evidence adduced, a decree was rendered sustaining the allegations of the minor interveners, quieting title in them as against the plaintiff, Chambers, and canceling his deed. From that decree plaintiff has appealed.

The appellant contends that the decree should be reversed (1) because the evidence was not sufficient to show the execution of the deed from the father to the children, its delivery, or its loss, and (2) that, even though the deed had been executed as alleged, the right to redeem did not exist because the state's lien for taxes had attached prior to the conveyance.

In support of the first contention, a number of our decisions are cited which affirm the well-recognized rule that the evidence to establish the execution and content of an alleged lost deed must be clear and decisive, and it is contended that the evidence in this case does not meet those requirements. In testing the correctness of appellant's contention, due deference must be given to the conclusion reached by the trial court, which, if not against the preponderance of the evidence, must be approved by us. The evidence relating to the execution of the deed in question and the circumstances which induced it may be thus stated: in the summer of 1932, during the absence of the family, the residence on lot 3 covered by the mortgage was burned. The check covering the amount

of the insurance was made to M. J. Burke, the mortgagee, and was delivered to Mrs. Allie Burke. At that time the insurance agent received information that it was the intention of Mr. and Mrs. Burke to convey the property to their children. He advised Mrs. Burke that when this was done it would be well to notify him so that the proper changes might be made in the policies of insurance. He received no notification of any change in ownership, but in the early part of 1933, sometime in the spring, Mr. Burke prepared. a warranty deed, naming in it as a consideration "$10 and other valuable considerations," by which the property involved was conveyed to the children. He, in company with Mrs. Burke, went to an office building in El Dorado and acknowledged the execution of the deed before a person to whom they were directed as an officer qualified to take acknowledgments of deeds. After the execution and acknowledgment of the deed, it was delivered by Mr. Burke to Mrs. Burke to keep for the children. The deed was not recorded because of the financial condition of the grantors at that time. Mrs. Burke took it home and placed it in a book containing some other papers. She is uncertain as to what particular place the book containing the deed was deposited, but, as she remembered, it was in a dresser drawer. About this time, or shortly thereafter, Mr. Burke left home under rather distressing circumstances, taking with him some of his personal belongings, and when Mrs. Burke made search for the book containing the deed, she was unable to find it. Mr. Burke also made search among his papers in the place to which he had moved with like result.

The circumstances which induced the execution of the deed to the children were that Mr. Burke had suffered severe financial reverses and became very dissipated and it was feared that in that state of mind and his then course of conduct he might dispose of or further incumber the property, thus leaving the children entirely destitute. To prevent this, it was determined that the property should be conveyed to the children.

There is no direct evidence tending to dispute that above recited. The appellant relies upon circumstances

to overturn this evidence, which are as follows: neither Mr. nor Mrs. Burke were able to recall the date of the deed; they could not remember the name of the notary before whom it was acknowledged. Mrs. Burke could not state the name of the building where she executed and acknowledged the deed and the consideration therefor. In the opinion of the trial court these circumstances were not sufficient to overturn the testimony of Mr. and Mrs. Burke although they stood in near relation to their grantees. This conclusion seems to be warranted. There is no fraud alleged or proven, for at that time no one had any interest in the property except Mr. Burke and the mortgagee whose rights were fully protected. The state, at that time, had no interest. Therefore, there was no one to defraud. Mrs. Burke's failure to remember the details of the execution of the deed and Mr. Burke's failure to remember the name of the notary is not so remarkable as to do more, at best, than to cast suspicion upon their testimony regarding the execution of the deed. It must be remembered that, at about that time, their situation was of a distressing nature—the state of mind of Mr. Burke, his over-indulgence in intoxicants, the fact that he was acknowledging his failure as a husband and father and preparing to leave his wife, children and home to begin life anew elsewhere. This seems sufficient to excuse a fault in memory as to the details of the transaction. These facts, the trial court doubtless considered and deemed insufficient to destroy the value of the testimony of these people, or to throw the weight against the truth of their statements.

On the question of the delivery of the deed, we find no difficulty. The evidence is positive to the effect that from the time of the execution of the deed the sole care and custody of the children would devolve upon the mother, that immediately upon the execution of the deed it was given to her to keep for them, and that she received it for that purpose alone. While it is essential to the validity of a conveyance by deed that there be a delivery of the instrument, it is not always necessary that such delivery be made to the grantee in person. It may be made to another for him. The grantees in the instant

case were laboring under the disability of minority and could not act for themselves. Therefore, a delivery of the deed to their mother and her acceptance of it for the children is sufficient to satisfy the law that a valid delivery is made when the grantor, by act or word, manifests an intention to pass the title to the grantee and the latter intends to accept it. *Eastham* v. *Powell*, 51 Ark. 530, 11 S. W. 823; *Brown* v. *Brown*, 134 Ark. 380, 203 S. W. 1009; *Cleveland* v. *Breckenridge*, 173 Ark. 387, 292 S. W. 377.

We think, too, the testimony is sufficient to establish the loss of the deed. The evidence is that the deed was received and put away for safe keeping and, upon search, could not be found. The search for the missing deed appears to have been diligent and made by both Mr. and Mrs. Burke at their separate abodes.

The contention made on the second ground for reversal is that the deed granting its execution and delivery was ineffectual to confer upon the grantees the right to redeem because of their minority, as the state's lien for taxes had attached before the execution of their deed. We do not think this position is sound. We construe the statute on the subject to relate not to the attachment of the tax lien, but to the sale of the property to satisfy the same. The statute (§ 10096, Crawford & Moses' Digest) in plain terms, among other things, provides that all lands, city or town lots, belonging to minors which may be sold for taxes may be redeemed within two years from and after the expiration of such disability. From the date of the execution of the deed in question, the property in controversy belonged to the minors, and it was not until after acquisition of title by them that the lands were sold. Therefore, under the express provision of the statute, their right to redeem existed and continued until after two years from the time they reached majority.

There is preserved in the assignments of errors, though not argued in appellant's brief, the contention that the intervention of appellees should have been dismissed because it failed to contain any affidavit to the

effect that a tender of the amount of the taxes, penalty and costs, which appellant had discharged, had been made to him before the filing of the intervention. Section 3708, Crawford & Moses' Digest, providing for the necessity of a tender of the taxes in actions where defendant claims under a tax title, relates to suits in ejectment for the recovery of lands or the possession thereof by anyone who holds lands by virtue of purchase either from the county collector of revenue or the state, and suits by minors to redeem are not controlled by this statute. *Burgett* v. *McCray,* 61 Ark. 456, 33 S. W. 639; *Hodges* v. *Harkleroad,* 74 Ark. 343, 85 S. W. 779.

Affirmed.