TARRENCE *v.* BERG.

4-6339                                                150 S. W. 2d 753

Opinion delivered May 12, 1941.

*G. N. Cannon* and *O. E. Westfall,* for appellant.

*Streett & Harrell,* for appellee.

MEHAFFY, J.   This action was instituted in the Ouachita chancery court by the appellant, Herman Tarrence, against Annie Berg, Henry Mike Berg, Leah Berg Shyer, and Gette Berg Jordan.

It is alleged that the appellant is the son of Will Tarrence who died intestate on September 23, 1916, and the grandson of Ben Tarrence who died on August 30, 1892.   Ben Tarrence was the owner of certain lands described in the complaint, and was in possession of and occupied said lands as his homestead up to the time of his death.   He left surviving him Will Tarrence, John Tarrence, Levie Tarrence, and Margaret Tarrence.   The lands described forfeited for taxes the year of his death, and were sold for taxes in 1893.   Leo Berg and Henry Berg bought the lands at the tax sale and a tax deed was executed and delivered to them in 1895.   The widow of Ben Tarrence and their children lived on the land at the time of the tax sale and continued to live there for about five years when they were put off the lands and the purchasers took possession.   Will Tarrence was the oldest of the heirs, and was insane all his life and incompetent to transact any sort of business.   Notwithstanding his mental incapacity and incompetency, he married and five children were born of the marriage, the youngest one being Herman Tarrence, appellant here.   Herman Tarrence was born on June 2, 1917, after his father died.   He was 23 years of age on June 2, 1940, after beginning this suit on May 6, 1940.

The defendants filed a demurrer to the complaint of plaintiff, which demurrer was sustained and the complaint dismissed for want of equity. The plaintiff elected to stand on his complaint and appealed to this court. The case is now here on appeal.

Appellant calls attention to § 13860 of Pope's Digest. That part of the section relied on by appellant reads as follows: "All lands, town or city lots, or parts thereof, which may hereafter be sold for taxes at delinquent sales, under the laws of this state, may be redeemed at any time within two years from and after the sale thereof; and all lands, city or town lots belonging to insane persons or minors or persons in confinement, and which have been or may hereafter be sold for taxes, may be redeemed within two years after the expiration of such disability."

It is argued that this statute makes a plain distinction between adult persons and insane persons and minors, and that the minor has two years after his disability is removed in which to bring suit.

It is true that the right to redeem descends to the heir of the person who had the right to redeem, but this right must be exercised within the time fixed by law. Will Tarrence, being insane, would have two years after the removal of his disability in which to redeem the land from tax sale. His disabilities were never removed until he died, and his heirs, inheriting the right to redeem, would have to exercise that right within two years after his death.

Appellant cites and relies on the case of *Pulaski County et al.* v. *Hill*, 97 Ark. 450, 134 S. W. 973. In that case the court said: "The owner who labors under the disability mentioned in the statute could assert the right of redemption for the period therein named, and his death, while still laboring under such disability, would not abridge that right in his heir upon whom the law cast the estate and every right incident thereto. In the case of *McNamara* v. *Baird*, 72 Miss. 89, 16 So. 384, it was held that where an infant having until one year after majority to redeem land from a tax sale dies, his heir has the same right and time in which to redeem, and that

giving to the heir this right to redeem is but giving effect to the right existing in the ancestor which by operation of law is cast upon the heir.''

In the Hill case, it was alleged that John Hill was insane at the time the lands forfeited for taxes, and labored under such disability continuously from that date until his death in 1906, during all of which time he owned and resided upon said land. In that case, however, his disability was removed by death and the suit was begun by the heirs one year after his death. It was held that the heirs could enforce the right to redeem at any time within two years after his disability was removed by death. The action in that case was begun within the time fixed by law for Hill to redeem, and it would make no difference whether the heirs, who inherited the right to redeem, were minors or not. The right would have to be exercised within the time fixed by statute, which was within two years after Hill's disability was removed by death.

The statute makes no provision for one disability being tacked to another, and therefore the disability of minority cannot be tacked to the disability of insanity to extend the time fixed by statute to redeem. 17 R. C. L. 830.

Appellant also cites from *Neil* v. *Rosier,* 49 Ark. 551, 6 S. W. 157. In that case, when the land was forfeited for taxes, the owner was a minor, and of course had two years after the removal of her disability in which to redeem the land. She sold all of her interest to Neil, and the purchaser had the same right to redeem that the vendor had, but this right would have to be exercised within the time allowed the vendor. In that case the court said: ''When the land was forfeited to the state, Ruberna Smith, who was then a minor, was the owner of an undivided share of it. A few months after reaching her majority, she executed a deed of all her interest in the land to the appellant, Neil. The tax title had in the meantime come through *mesne* conveyances to the appellees. Shortly after his purchase, and within a year after Ruberna's majority, Neil took the proper steps, as

it is conceded, to redeem the land, if he could redeem at all.''

This question of tacking disabilities is annotated in the case of *Martin* v. *Goodman,* 126 Okla. 34, 258 Pac. 871, 53 A. L. R. 1298. In one of the notes, on page 1313 of 53 A. L. R., it is said:

''The rule in this country . . . is that successive disabilities in different persons taking the same estate by devise, descent, or purchase cannot be tacked to prolong the time within which suit may be brought on a cause of action, beyond the time allowed by the statute to bring suit after the removal of the disability existing at the time the cause of action accrued; in other words, although a cause of action passed from one person under disability, to another also under disability, suit must be commenced within the time allowed by the statute to those under disability for bringing suit, computed from the date of the death of the one in whose favor the cause of action first arose.''

The appellant here cannot tack his disability to that of his father in order to suspend or continue the suspension of the operation of the statute. *Hoggard* v. *Mitchell,* 164 Ark. 296, 261 S. W. 643.

Will Tarrence was insane, and under the statute he had two years after the removal of his disability to exercise his right of redemption. His heirs had the right under the statute to redeem within two years after his disability was removed by death, and they could not tack the disability of minority to that of the father and thereby extend the statute.

While the right to redeem descended to the minor, that right must be exercised within two years after the death of his father, and not thereafter.

The decree of the chancery court is affirmed.