BENNY A. RINKE v. MANIE SCHUMAN, ET AL

5-4935                                           440 S.W. 2d 765

Opinion Delivered May 19, 1969
[Rehearing denied June 9, 1969.]

*U. A. Gentry* and *Wright, Lindsey & Jennings* for appellant.

*Frank H. Cox* for appellees.

JOHN A. FOGLEMAN, Justice.    Appellant seeks reversal of a decree denying his petition to redeem property from a sale to the state for nonpayment of taxes for the year 1941.    The material facts are stipulated. They are:

The property was acquired by various persons through mesne conveyances from the United States Government.    It was forfeited at various times for the nonpayment of taxes.    It was sold to the State of Arkansas for the nonpayment of taxes for years prior to 1918.    It was conveyed by the State of Arkansas on August 31, 1918, to Paul A. Birnbach by deed which is recorded in Pulaski County.    On August 19, 1919, Birnbach conveyed the property to Fred A. and Bruno Rinke as tenants in common. Fred A. Rinke paid taxes on the lands for the years 1919, 1920, 1921 and 1922.    The property was sold and forfeited to the State of Arkansas for the nonpayment of taxes for the year 1923.    An action to confirm the sale for the 1923 taxes was instituted in the Chancery Court of Pulaski County, Arkansas, pursuant to Act 296 of the Acts of 1929.    A decree of confirmation was entered in that cause on January 15, 1931, confirming the sale of the property against all informalities and irregularities.    The Clerk of Pulaski County made no record of the list of lands delinquent for the nonpayment of the taxes for 1923 filed by the collector.    On January 11, 1935, Fred A. Rinke was adjudged to be mentally incompetent, and he remained incompetent continuously until the date of his death on January 28, 1965. He died intestate, leaving surviving him his widow, Clara Rinke, and Benny A. Rinke, William C. Rinke and Fredene Kelone, nee Rinke, as his sole and only heirs at law. Appellant Benny A. Rinke has acquired all of the right,

title and interest of the other parties by deed dated October 14, 1966.

The lands were also sold and forfeited to the State of Arkansas for the nonpayment of the taxes for the year 1941. On June 5, 1945, the State Land Commissioner conveyed the property to Manie Schuman by deed now of record. On October 12, 1958, Manie Schuman conveyed the lands to Janis Kaye, who, in turn conveyed an undivided one-fourth interest each to Robert Allen Kaye, Marlene Kaye and Rebecca J. Kaye. Manie Schuman and his grantees have paid the taxes on all of these lots from 1945 to the date of the hearing in the trial court. On May 13, 1958, Benny Rinke was appointed guardian in succession of the estate of Fred Rinke. Neither of the guardians of Fred Rinke knew that he had any interest in the lands involved in this action. At no time between the forfeiture of 1923 and the forfeiture of 1941 was there a continuous and uninterrupted payment of taxes for a period of seven years. The lands were unoccupied and were wild, unenclosed and unimproved lands prior to the purchase by Manie Schuman in 1945. On September 29, 1953, Manie Schuman entered into a lease with J. M. Shackleford under the terms of which Shackleford was to use these lands with others as a pasture for his cattle. Since that time the pasture has been fenced.

Appellees claim title through payment of taxes under color of title since 1945, by the deed from the Commissioner of State Lands to Manie Schuman. They also alleged that Fred A. Rinke was not the owner of the lots by reason of the tax sale of 1923 for more than 10 years before he was adjudged mentally incompetent and that redemption was barred by laches and the statute of limitations by reason of the fact that a guardian was appointed for his estate in 1935.

From this evidence, the trial court dismissed the complaint of appellant and made the following findings:

980

"That the forfeiture and sale to the State of Arkansas of the lots here under consideration, for the non-payment of the taxes due for the year 1923, and the subsequent confirmation decree effectively vested title to said property in the State of Arkansas, and the Plaintiff failed to redeem in the time and manner prescribed by law; and that the complaint of the Plaintiff should be dismissed."

Ark. Stat. Ann. § 84-1201 (Supp. 1967) provides that lands or lots belonging to insane persons which have been sold for taxes may be redeemed within two years from and after the expiration of such disability. The right to redeem given by this statute is self-executing and may be exercised as a matter of right. It is available in all cases, not only where the tax sale from which redemption is sought is defective, but from sales which are perfectly regular and valid. *George* v. *Hefley,* 182 Ark. 678, 32 S.W. 2d 445. The right of redemption given by this statute is not an estate or interest in land but is a statutory privilege to defeat the tax title within the time limited. It is not enlarged or diminished by the fact that the state may have sold and conveyed the interest acquired by it at a tax sale. *Harris* v. *Harris,* 195 Ark. 184, 112 S.W. 2d 40. The right to redeem runs with the land, and any person who would otherwise acquire title takes with notice. *Koonce* v. *Woods,* 211 Ark. 440, 201 S.W. 2d 748; *Schuman* v. *Westbrook,* 207 Ark. 495, 181 S.W. 2d 470. The right, exercised within the statutory time, is absolute. *Schuman* v. *Westbrook,* supra.

Under these circumstances, Fred A. Rinke would have had the right to redeem within two years after his disability was removed if he was the owner of the property at the time of the tax sale. The validity of the tax sale by which Birnbach acquired the lands is not in issue, nor is any defect therein shown. Consequently the deed from Birnbach to Fred A. and Bruno Rinke conveyed title which gave Fred A. Rinke the right to redeem. Our

statute not only permits, but requires, a co-tenant to redeem the entire tract. *Harris* v. *Harris*, supra. Where the disability is removed by death, the heirs of the incompetent may redeem within the statutory period. *Tarrence* v. *Berg,* 202 Ark. 452, 150 S.W. 2d 753.

The right of appellant to redeem, then, depends upon the invalidity of the 1923 tax sale made before the incompetency of Fred A. Rinke. The decree of confirmation under Act 296 of 1929 operated as a bar only as to persons who might thereafter claim the land in consequence of any informality or illegality in the proceedings for the tax sale. *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S.W. 2d 251. A complete failure to record either the delinquent list or the publication of notice of sale is not an irregularity or informality in tax sale procedure, but renders the tax sale void. *Carle* v. *Gehl,* 193 Ark. 1061, 104 S.W. 2d 445. A number of cases holding that these failures are cured by confirmation proceedings are cases wherein the decree of confirmation was rendered under Act 119 of 1935. Under that act the decree of confirmation barred any and all persons with certain exceptions mentioned in the act but not material here. The distinction is clearly pointed out in *Fuller* v. *Wilkinson,* supra. These cases are inapplicable to a proceeding conducted under Act 296 of 1929.

The right of redemption being absolute and a statutory privilege, it is not barred by limitations or adverse possession because of the savings clauses in favor of persons under disability. *Schuman* v. *Westbrook,* 207 Ark. 495, 181 S.W. 2d 470; See also *Kendrick* v. *Bowden,* 211 Ark. 196, 199 S.W. 2d 740. The appointment of a guardian for the incompetent did not set the statute of limitations in motion where there was a savings clause in favor of a person under disability. *Zini* v. *First National Bank of Little Rock,* 228 Ark. 325, 307 S.W. 2d 874. Since appellant was only seeking to enforce a legal right not barred by the statute of limitations and was not seeking equitable relief, the doctrine

of laches could have no application, even if it could otherwise apply. *Davis* v. *Neal,* 100 Ark. 399, 140 S.W. 278; *Lesser* v. *Reeves,* 142 Ark. 320, 219 S.W. 15. The doctrine of laches is applicable only where equitable relief is sought. *Beattie* v. *McKinney,* 160 Ark. 81, 254 S.W. 338.

Appellees claim that they acquired title by payment of taxes under color of title for more than seven years under Ark. Stat. Ann. § 37-102. This statute simply provides that unimproved and unenclosed land shall be deemed to be in possession of the person who pays the taxes thereon if he has color of title. This section is in itself a statute of limitations on actions to recover land and, because of the savings clause in favor of persons under disability, would not bar the absolute statutory right to redeem, which is subject to no limitation or restriction except as to the time in which it shall be exercised, i.e., within two years after the removal of the disability. *Schuman* v. *Westbrook,* supra.

Appellees rely upon the case of *Rinke* v. *Weedman,* 232 Ark. 900, 341 S.W. 2d 44. That case has no application here. In the first place, it was agreed between the parties there that the tax sale under which Fred A. Rinke originally claimed ownership through his purchase from Birnbach was void. Thus Rinke acquired no interest whatever in the property until he obtained a deed from the Abigail Robertson Scholarship Trust in 1958. Weedman had obtained a deed from the Commissioner of State Lands in 1939 and had paid taxes on the land for more than seven consecutive years prior to acquisition of title by Rinke. In the case before us it was stipulated that at no time prior to the forfeiture of 1941 had there been any continuous and uninterrupted payment of taxes for a period of seven years. Thus there could not have been any divestiture of the title of Fred A. Rinke by payment of taxes, nor had his predecessor in title been divested of title before conveyance to him, as was the situation in the Weedman case.

The decree of the chancery court is reversed and the cause remanded for further proceedings consistent with this opinion.

JONES, J., not participating.