Richard H. GIVENS, Guardian of the Person and Estate of Rosie Givens, and Odessa Piggee, Guardian of the Person and Estate of Joanna Campbell *v.* HAYBAR, INC., and Mark Wilcox, in his Official Capacity as State Land Commissioner

CA 05-924                                                   234 S.W.3d 896

Court of Appeals of Arkansas
Opinion delivered May 3, 2006

*Danny R. Williams* and *Bennie O'Neil*, for appellants.

*Mark Alan Peoples, PLC*, for appellee Haybar, Inc.

*Carol Ann Lincoln*, for appellee Mark Wilcox.

ANDREE LAYTON ROAF, Judge. Appellants Richard Givens and Odessa Piggee (hereafter "Givens" collectively), as guardians of Rosie Givens and Joanna Campbell, appeal from the trial court's summary judgment denying their petition to redeem property that had been sold for delinquent taxes. We affirm.

Mrs. Givens and Mrs. Campbell were declared incapacitated in the early 1980s. They are the sisters of the late Earl Campbell, who, during his lifetime, owned approximately forty acres in Pulaski County. Taxes were not paid on the property for the 1995 tax year, and, as a result, the property was certified to the State Land Commissioner on or about June 1, 1998. Earl died a little over a year later in September 1999. There is no evidence that he made any effort to redeem his property prior to his death. In fact, there is some indication in Givens's pleadings that, at the time that the property was certified to the State, Earl was in a nursing home and unable to attend to his affairs. For the purpose of our analysis, we will assume that Earl was incapacitated.

On May 18, 2000, the State Land Commissioner sold the forty acres to appellee Haybar, Inc., at a public auction. A limited warranty deed was issued to Haybar on June 21, 2000. No effort to redeem the property was made until October 7, 2003, when Givens tendered $432.15 to the State Land Commissioner for that purpose. The Commissioner denied the redemption as untimely, causing Givens to file the present lawsuit on June 14, 2004. The complaint alleged that, upon Earl's death, title to the property passed immediately to Mrs. Givens and Mrs. Campbell as his closest surviving heirs. It further alleged that, because these ladies were incapacitated, Arkansas law extended the time within which they, as owners of the property, could redeem the land.

The case was presented to the trial court on Haybar's motion to dismiss, which the trial court treated as a motion for summary judgment (Givens had also filed a motion for summary judgment). Following a hearing, the court ruled that Mrs. Givens and Mrs. Campbell did not own the property at the time of the tax sale and that no proper attempt at redemption was made within the applicable statutory periods. Summary judgment was thus granted to Haybar, and Givens appeals from that ruling.

Normally, on a summary-judgment appeal, the evidence is viewed in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the

moving party. *Tunnel v. Progressive N. Ins. Co.*, 80 Ark. App. 215, 95 S.W.3d 1 (2003). But when both parties file motions for summary judgment, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. *See id.*

Arkansas law provides that all lands upon which taxes have not been paid for one year following their due date shall be forfeited to the State. Ark. Code Ann. § 26-37-101(a) (Repl. 1997).[1] However, the county collector "holds" the land for one year, and, during this period, the land may be redeemed by paying the taxes, interest, penalties, and costs due. *See* Ark. Code Ann. § 26-37-302; Ark. Code Ann. § 26-37-101(b). If the property is not redeemed by July 1 of the following year, the county collector transfers the property to the State by certification. Ark. Code Ann. § 26-37-101(a) and (b). Since the passage of Act 791 of 1993, title vests in the State upon receipt of certification. Ark. Code Ann. § 26-37-101(c).

Once the land has been certified, a sale of the property shall be held no earlier than two years after the certification. *See* Ark. Code Ann. § 26-37-301(b).[2] The property may be redeemed at any time before the sale, Ark. Code Ann. § 26-37-311(a), or within thirty days after the sale. Ark. Code Ann. §§ 26-37-203(a) and -202(e). If no such redemption takes place, the Commissioner issues a limited warranty deed to the purchaser. *Id.*

Thereafter, all actions to contest the conveyance shall be brought within two years after the date of the conveyance. Ark. Code Ann. § 26-37-203(b)(1). However, the ordinary limitations periods for redemption and setting aside the conveyance do not apply to persons who suffer "a mental incapacity" or are "insane." Arkansas Code Annotated section 26-37-203(b) provides:

> All actions to contest the validity of the conveyance shall be brought within two (2) years after the date of the conveyance or thereafter be barred, except as to causes of actions by persons suffering a

---

[1] Some of the statutes cited herein were amended in 2005; however, unless otherwise indicated, we cite to the statutes contained in the 1997 Replacement Volume, which were applicable on the dates relevant to this case.

[2] If the June 1, 1998 certification date and the May 18, 2000 sale date pled by Givens are correct, the sale may have been held less than two years following certification, contrary to this statute. However, Givens has asserted no such irregularity.

mental incapacity, minors, or those serving in the United States armed forces during time of war during the two-year period.

Those persons shall not be allowed to contest the validity of the conveyance after the expiration of two (2) years after the disability is removed or the person reaches majority or the person is released from active duty with the armed forces.

Similarly, Ark. Code Ann. § 26-37-305(a) provides:

All lands or city or town lots belonging to insane persons, minors, or persons in confinement that have been or may hereafter be sold for taxes may be redeemed within two (2) years from and after the expiration of such a disability.

In the case at bar, Givens argues that the above quoted statutes permitted Mrs. Givens and Mrs. Campbell, who suffered from mental incapacity, to redeem the land at issue more than three years after it was sold. We disagree.

At the time of Earl's death in 1999, he no longer held title to the property because title had vested in the State upon certification in 1998. Ark. Code Ann. § 26-37-101(c). Therefore, Mrs. Givens and Mrs. Campbell could not, as they asserted in their complaint, acquire ownership of the property upon Earl's death. *See generally Rich v. Rosenthal*, 223 Ark. 791, 268 S.W.2d 884 (1954) (holding that an heir's rights in property cannot be greater or rise above the intestate's or testator's). However, Earl did have, at the time of his death, a right to redeem the property. Our supreme court has recognized that "the right to redeem descends to the heir of the person who had the right to redeem." *Tarrence v. Berg*, 202 Ark. 452, 454, 150 S.W.2d 753, 754 (1941). Thus, under the holding in *Tarrence*, Mrs. Givens and Mrs. Campbell inherited Earl's right of redemption. The question, however, is the time within which they were required to exercise that right.

Givens argues that Ark. Code Ann. §§ 26-37-203(b) and 26-37-305(a) permit Mrs. Givens and Mrs. Campbell to redeem the land up to two years after the expiration of their own disabilities. However, that argument is directly contrary to *Tarrence, supra*. In that case, Will Tarrence, an insane person, died in 1916 while owning the right to redeem lands that had been sold for taxes. Will's son, Herman, filed suit to redeem the property in

1940, which was two years after he reached his majority. Our supreme court held that the son was required to redeem the property within two years of the expiration of the *father's* disability, not his own disability, stating:

> The appellant here [Herman] cannot tack his disability to that of his father in order to suspend or continue the suspension of the operation of the statute.
>
> Will Tarrence was insane, and under the statute he had two years after the removal of his disability to exercise his right of redemption. His heirs had the right under the statute to redeem within two years after his disability was removed by death, and they could not tack the disability of minority to that of the father and thereby extend the statute.
>
> While the right to redeem descended to the minor, that right must be exercised within two years after the death of his father, and not thereafter.

*Tarrence*, 202 Ark. at 456, 150 S.W.2d at 754-55 (citations omitted). Likewise, in the present case, if Earl was disabled as implied in Givens's complaint, Mrs. Givens and Mrs. Campbell cannot tack their disability onto Earl's for the purpose of extending the redemption period. Rather, they had the right to redeem the land within two years after Earl's disability was removed by death in 1999. That being the case, the limitations period expired in 2001, making their 2003 attempt at redemption untimely. Further, if Earl was not disabled, at the absolute outside, his deadline to set aside the 2000 conveyance to Haybar expired in 2002. Consequently, Mrs. Givens and Mrs. Campbell, as inheritors of Earl's right to redeem, were untimely in their 2003 attempt at redemption.

The dissent believes that we have misapplied *Tarrence*, based on certain facts contained in the background history of that opinion regarding Will Tarrence's inheritance from *his* father, Ben. However, the supreme court's ruling was not premised on the situation between Will and Ben but between Will and his son, Herman. We should not consider matters addressed by the court *sub silentio*. *Leonards v. E.A. Martin Mach. Co.*, 321 Ark. 239, 900 S.W.2d 546 (1995). The dissent also cites *Chambers v. Burke*, 194 Ark. 665, 109 S.W.2d 117 (1937), as being applicable here. However, *Chambers* differs from this case in a significant respect.

The minor in that case acquired title to the land before it was sold and thus was capable of asserting his own right of redemption. By contrast, in the present case, Mrs. Givens and Mrs. Campbell, under the law in effect since 1993, *see* Ark. Code Ann. § 26-37-101(c), could not take title to the land because it had vested in the State upon certification in 1998. Therefore, they could only assert Earl's right of redemption.

In fact, the older cases cited by Givens and by the dissent precede by decades the current statutory scheme governing delinquent-tax sales. They are, therefore, inappropriate to use in our analysis regardless of any factual similarity to the present case. Moreover, the dissent's characterization of Haybar as being "owned by a prominent Little Rock attorney" and specializing in "picking up bargains at tax sales," — of which there is no evidence in the record as abstracted and addended — and its particular mention of the Givens wards as African-Americans, suggests an unfounded basis for our ruling. Regardless of the parties' identities or characterizations, Givens's attempt at redemption was simply not timely under Arkansas law.

Givens also argues that the trial court erroneously based its ruling, at least in part, on the fact that the redemption was attempted by Mrs. Givens and Mrs. Campbell alone, even though there were children and grandchildren of other deceased brothers and sisters who could claim an interest in the action. Specifically, the court commented:

> They [the sisters] still have to do it within two years of the sale. It would be different if the only people I was dealing with was [sic] the disabled people. But there were four other heirs who were not disabled, and they didn't try to do anything to redeem this land.

Givens is correct that all co-tenants need not join in an action to redeem property and that the property may be redeemed by one on behalf of all. *See, e.g., Mitchell v. Chester*, 208 Ark. 781, 187 S.W.2d 899 (1945). However, the trial court's comment was not mentioned in the final judgment as a reason for the court's ruling. We generally do not consider a trial court's observations made from the bench as meriting reversal where they do not appear in the final order. *See, e.g., Comm. Bank of N. Ark. v. Tri-State Propane*, 89 Ark. App. 272, 203 S.W.3d 124 (2005).

Affirmed.

BIRD, GLOVER, and VAUGHT, JJ., agree.

HART and CRABTREE, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. I respectfully dissent because I believe that the majority makes both mistakes of fact and mistakes of law. Regarding their mistakes of fact, the majority asserts that the appellants' pleadings imply that Earl Campbell was "incapacitated."[1] There are no facts in the record, save for the fact that he resided in a nursing home, to support this assumption. At any rate, it should have no bearing on how this case is decided except that this otherwise insignificant piece of data seems to draw this case more completely within the loose language of *Tarrence v. Berg*, 202 Ark. 452, 150 S.W.2d 753 (1941), which I believe the majority wrongly concludes is dispositive. The appellants argue in their brief that *Tarrance* actually supports their case, and I agree. A brief recitation of the facts in *Tarrance* illustrates this point.

Ben Tarrence owned certain lands in Ouachita County when he died intestate in 1892. The property was "forfeited for taxes" the same year that he died. The land was sold for taxes in 1893. Will Tarrence was the oldest of Ben's heirs, and he was incompetent by reason of insanity. Nonetheless, Will married and fathered five children. Will himself died intestate on September 23, 1916. Will's youngest child, Herman Tarrance, was born on June 2, 1917. On May 6, 1940, Herman filed suit, seeking to redeem the property that had originally been forfeited by Ben. In affirming the trial court's dismissal of the case, the supreme court stated:

> Will Tarrance was insane, and under the statute he had two years after the removal of his disability to exercise his right of redemption. His heirs had the right under the statute to redeem within two years after his disability was removed by death, and they could not tack the disability of minority to that of the father and thereby extend the statute.

202 Ark. at 456, 150 S.W.2d at 75.

In the instant case, Earl Campbell's death corresponds to the demise of Ben Tarrance, and appellant Richard H. Givens, as guardian of two incompetent heirs stands in the shoes of persons

---

[1] We cannot say whether or not Mr. Campbell was incapacitated because Judge Sims inexplicably denied the appellant's request to put on proof of incapacity at the hearing.

who occupy a position analogous to Will Tarrance, who inherited the property after his father allowed the property to go into default. The fact that the majority makes this fundamental mistake of fact leads them to apply the wrong precedent, or more accurately, apply the right precedent wrongly.

Furthermore, the supreme court in *Tarrance* stated that the "right to redeem descends to the heir of the person who had the right to redeem." 202 Ark. at 454, 150 S.W.2d at 754. I believe that this holding is completely in concert with another supreme court case, *Chambers v. Burke*, 194 Ark. 665, 109 S.W.2d 117 (1937), which held that when a minor succeeds to his father's right to redeem forfeited land, the statutory protection afforded under what is now codified as Arkansas Code Annotated section 26-37-305 attaches to his right to redeem. In the instant case, the disability is different, but the principle is the same.

The fact that the appellee in *Burke* acquired the right to redeem by a means different from the case at bar is of no moment. It is well settled that the right of redemption is not an estate or interest in the land, but an "absolute" statutory privilege to defeat the tax title within a limited time. *Rinke v. Schuman*, 246 Ark. 976, 440 S.W.2d 765 (1969). As to the nature of the statutory protections at issue here, it should be self-evident that the privilege to redeem cannot have a disability — only the persons entitled to exercise that privilege can.

I cannot ignore the fact that here, the persons who have the right to redeem are two African-Americans who have been adjudged to be mentally incompetent, and the prevailing party in this case is Haybar, Incorporated, a business owned by a prominent Little Rock attorney, that apparently specializes in picking up bargains at tax sales. I find it ironic that the statutory protections afforded incapacitated persons under Arkansas Code Annotated section 26-37-305 are directly descended, virtually unchanged, from among the oldest acts of our legislature that are currently in force and that long ago our supreme court determined that "statutes providing for redemption from tax sales always receive a liberal construction." *Woodward v. Campbell*, 39 Ark. 580 (1882). The majority ignores the clear mandate to protect our most vulnerable citizens. Therefore, I respectfully dissent.

I am authorized to state that Judge Crabtree joins in this dissent.